**Charlotte H. Capron and Bernard F. Capron v. Dirk Romeyn**

[409 A.2d 565]

No. 71-79

Present: **Barney, C.J., Larrow, Billings and Hill, JJ., and Smith, J. (Ret.), Specially Assigned**

Opinion Filed November 5, 1979

*Parisi & Burke,* Castleton, for Plaintiffs.

*William H. Quinn* of *Pierson, Affolter & Wadhams,* Burlington, for Defendant.

Larrow, J. Plaintiffs' actions were dismissed below on motion, as barred by the applicable statute of limitations. The issue was squarely raised by the pleadings, and none of the pertinent facts are in dispute. The statute in question is 12 V.S.A. § 512(4), as amended by 1975, No. 248 (Adj. Sess.), § 2, effective July 1, 1976.

The plaintiffs base their respective actions (the husband's claim is derivative) upon the severely adverse effects of an operation performed by the defendant, on September 20, 1971, without providing plaintiff wife with information necessary for an intelligent election. As the trial court ruled, and unquestioned here, a cause of action was stated. *Small* v. *Gifford Memorial Hospital,* 133 Vt. 552, 349 A.2d 703 (1975).

Four dates are of significance to the issues before us. They are:

(1) September 20, 1971, date of the elective surgery.

(2) October 11, 1975, claimed date of discovery of resultant injuries.

(3) July 1, 1976, effective date of amendment to 12 V.S.A. § 512(4).

(4) April 3, 1978, commencement of the instant suit.

The net effect of the amendment to 12 V.S.A. § 512(4) was to change the rule laid down in *Murray* v. *Allen,* 103 Vt. 373, 154 A. 678 (1931), which held that a cause of action for personal injury accrued at the time of the injury, not a later date when the act was "discovered." *Id.* at 376, 154 A. at 679. The amendment clearly specifies that the cause of action accrues upon discovery. It is silent as to effect upon prior injuries or pending suits. Plaintiffs would have us apply the amendment to their suit, even though under *Allen* their action had both accrued and become barred long before this suit was brought. They urge us, as they did the trial court, either to re-examine *Allen* or to give the amendment retroactive effect. We decline to do either, and affirm.

Re-examination of *Allen* has been urged upon us before, without success. A majority of the Court has considered the effect of stare decisis as more cogent than the policy argu-

ments which eventually impelled legislative change. *South Burlington School District* v. *Goodrich*, 135 Vt. 601, 382 A.2d 220 (1977); *Union School District No. 20* v. *Lench*, 134 Vt. 424, 365 A.2d 508 (1976). This reasoning appears even more compelling now, where the legislature *has* acted to change the rule without the slightest attempt to make the change retroactive. (Cf. discussion *infra*.) If we viewed as inappropriate efforts to have *Allen* reconsidered in light of legislative inaction, certainly those efforts are even more inappropriate when they seek to vary the effect of what the legislature has enacted.

Both parties have presented extensive analyses of the retroactive effect of statutes of other jurisdictions. None of the statutes, however, address specifically the retroactivity issue. In general, the majority seems to support the rule that where a statute of limitations has already run, as here (three years from the operation, or September 20, 1974), subsequent enlargement of the statute will not have the effect of reviving the barred action. Various reasons are assigned, some constitutional, some policy, some based on interpretation of the particular statute. We reach the same conclusion, but on other grounds. Our own statutes contain rules for statutory construction which clearly govern the case before us.

In its pertinent part, 1 V.S.A. § 214 (b) provides as follows:

> (b) The amendment or repeal of an act or statutory provision . . . shall not:
>
> (1) Affect the operation of the act or provision prior to the effective date of the amendment or repeal thereof;
>
> (2) Affect any right, privilege, obligation or liability acquired, accrued or incurred prior to the effective date of the amendment or repeal; . . . .

These sections, in our view, clearly negate the proposed revival of plaintiffs' actions. The act in question, prior to amendment, operated to bar their actions three years after September 20, 1971, and to revive these actions would violate subsection (b)(1), as quoted. The bar interposed by the statute after three years was a right which accrued to the defendant prior to the effective date of the amendment, within the meaning of subsection (b)(2), as quoted. We reach

no constitutional issue, and we do not decide the effect of an amendment purporting to have retroactive effect. We only construe the statute conceded to be applicable in accordance with the general rules of construction applicable to all legislative enactments. These general rules, without more, require affirmance of the trial court.

*Affirmed.*

**Billings, J.** (concurring in part and dissenting in part) I concur with the majority view that the amendment to 12 V.S.A. § 512(4), effective July 1, 1976, adopting the so-called discovery rule for determining when actions accrue for purposes of the statute of limitations, has no retroactive effect. It has no bearing on the case at bar.

However, as I stated in my dissent in *South Burlington School District* v. *Goodrich,* 135 Vt. 601, 608, 382 A.2d 220, 224 (1977), the holding in *Murray* v. *Allen,* 103 Vt. 373, 154 A. 678 (1931), should have been overruled long ago. The modern trend and more enlightened view adopts the so-called discovery rule for ascertaining when a cause of action accrues for the purpose of the statute of limitations. It should have been the law of this jurisdiction. *Anderson* v. *McKee,* 136 Vt. 623, 383 A.2d 273 (1978); *South Burlington School District* v. *Goodrich, supra,* 135 Vt. at 608, 382 A.2d at 224.

If the discovery rule were applied to this case, as it should be, the action would be allowed, since it was commenced within three years from the discovery of the injury. I am unable to hide behind the majority's view that legislative inertia before the 1976 amendment to the statute of limitations bars this Court from overruling its outdated, inequitable, and unrealistic rule. I find the necessity of overruling *Murray* v. *Allen, supra,* particularly compelling in view of the fact that the legislature has now, in effect, by the amendment to 12 V.S.A. § 512(4), overruled that case. In the case at bar it is my view that the action is not barred by the statute of limitations.

I am authorized to state that Mr. Justice Hill joins in this opinion.