# Northwood AMC Corporation (State of Vermont, Intervenor) v. American Motors Corporation and American Motors Sales Corporation

[423 A.2d 846]

No. 353-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1980

*Villa & Heilmann,* Burlington, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *Gretchen Babcock,* Assistant Attorney General, Montpelier, for Intervenor.

*Spencer R. Knapp* of *Dinse, Allen & Erdmann,* Burlington, for Defendants.

*Salmon and Nostrand,* Bellows Falls, for amicus curiae General Motors Corp.

**Larrow, J.** Plaintiff, an automobile dealer, brought action below against defendant American Motors Corporation, manufacturer of its franchised product, and American Motors Sales Corporation, distributor thereof. The action sought damages and other relief for claimed violations of 9 V.S.A. § 4076, as amended, by refusal to pay plaintiff for warranty repairs at the rate it claimed to be charging other customers for similar services. Summary judgment for American Motors Corporation, based on lack of any contractual relationship, was granted, and that decision is not before us, although untimely notice of appeal therefrom was filed. As against American Motors Sales Corporation, plaintiff was granted partial summary judgment on the issue of liability, and the defendant's motion for summary judgment was denied. These decisions are the subject of interlocutory appeal.

At the outset, we must exercise our powers under V.R.A.P. 10(e) to correct an error in the record, stipulated to by the parties. The order below, granting permission for interlocutory appeal, through clear inadvertence referred to American Motors Corporation instead of American Motors Sales Corporation, the party which had moved for such permission and whose motion was clearly intended to be the one granted. We will note the correction here rather than requiring remand for this purpose.

The facts, apart from the amounts of charge involved, were agreed upon below. For purposes of our decision, they may be summarized as follows. Northwood first entered into a franchise agreement with American Motors Sales in 1974. This agreement was cancelled and a new one entered into January 16, 1976, for a ten year term ending February 2, 1986. The agreement obligates Northwood to service manufacturer's warranties on new AMC vehicles, with compensation in accordance with "bulletins" in effect on the date of performance. A manual then and now in effect regulates the rates of reimbursement at "standardized" time allowances and at rates of "comparative domestic dealers" in the market area. Provisions are also made for additional compensation under exceptional circumstances. Parts are reimbursed at cost plus 30%. At the time of the 1976 agreement, 9 V.S.A. § 4076 required dealers to be compensated "adequately and fairly" for warranty work. No claim is here involved that the established compensation was either inadequate or unfair at the time. Effective July 1, 1977, the statute was amended to provide that "adequate and fair compensation" for warranty work "shall mean that the motor vehicle dealer who performs such warranty work shall be compensated and paid for said work in an amount not less than the charge made by the dealer for non-warranty work." Except for this purported explanation of "adequate and fair compensation" the provisions of the original statute remained essentially unaltered.

In substance, Northwood's claim is that it receives more for non-warranty work than for work under its contract, and it seeks to have the 1977 amendment take the place of the relevant provisions of the franchise agreement. The trial court ruled, *inter alia,* that such was indeed the effect of the amendment, and certified five questions for our review. The first raises the question of whether the amendment may be so construed as to affect rights and obligations of the plaintiff accrued or incurred under its existing contract, made prior to the date of the amendment. The second poses the issue of whether such effect, if so construed, would affect rights or obligations accrued or incurred before the effective date of the amendment. The other three raise questions of impairment of contract, delegation of legislative authority in violation of the Due Process Clause of the Fourteenth Amendment, and

pre-emption under § 107 of the Magnusson-Moss Federal Trade Commission Act. We answer the first question in the negative, making response to the other inquiries immaterial and purely advisory, under *In re Constitutionality of House Bill 88,* 115 Vt. 524, 64 A.2d 169 (1949).

█ Appellee, and the state as intervenor, make much of the position that the contract between the parties does not set, in dollars and cents, the compensation to be paid the plaintiff for warranty repairs. This is, of course, true. But it does not follow that the contract sets no definite standard by which such compensation is to be measured. The rates are not, under the contract, frozen, but are subject to adjustment under provided procedures, with the ultimate norm to be the rates charged by comparative domestic dealers in the market area. This is, we feel, a reasonably definite standard capable of ascertainment from time to time. Required adherence to the standard became, with the contract, both a right and an obligation of the parties. Ordinary principles of statutory construction, as mandated by 1 V.S.A. § 214(b), govern.

In its material portion, 1 V.S.A. § 214(b) reads as follows:

(b) The amendment or repeal of an act or statutory provision ... shall not:

(1) Affect the operation of the act or provision prior to the effective date of the amendment or repeal thereof;

(2) Affect any right, privilege, obligation or liability acquired, accrued or incurred prior to the effective date of the amendment or repeal; ....

We have on several occasions construed the effect of these provisions. We very early held that, absent the "most clear and unequivocal language" a statute affecting legally existing rights should not be construed retrospectively. *Briggs* v. *Hubbard,* 19 Vt. 86, 90–91 (1846). In *United States* v. *U.S. Fidelity & Guaranty Co.,* 80 Vt. 84, 66 A. 809 (1907), we stated:

[A] statute should not be construed to act retrospectively, or to affect contracts made prior to its enactment, unless its language is so clear as to admit of no other construction. The presumption is that it was intended to act prospectively only. (Citations omitted.)

*Id.* at 97, 66 A. at 814.

Our latest case involving this general subject matter is *Capron* v. *Romeyn*, 137 Vt. 553, 409 A.2d 565 (1979), wherein we stated, in language especially appropriate here construing the same statutory provisions:

> We reach no constitutional issue, and we do not decide the effect of an amendment purporting to have retroactive effect. We only construe the statute conceded to be applicable in accordance with the general rules of construction applicable to all legislative enactments.

*Id.* at 555–56, 409 A.2d at 567.

There is certainly no indication in the legislative language that any retrospective statutory effect was intended. The amendment in question, instead, speaks prospectively, using the words "shall mean" and "shall be compensated." We are compelled to so construe it, absent definite indication to the contrary.

■ Two of appellee's supportive arguments deserve brief attention. It argues that a clause in the contract itself requires compliance with the amended statute. That clause states, in substance, that if any provision in any way contravenes the law of any state or jurisdiction where the agreement is to be performed, that provision shall be deemed to be deleted. A not unusual separability provision, we consider the fair intendment of this clause to be that the agreement is subject to laws then existing, not that it leaves the entire agreement between the parties totally subject to future legislative caprice.

■ A second argument is that the amendment in question must be deemed to relate back, because it is merely "explanatory" or "expository" of the statute as it previously existed, requiring adequate and fair compensation. Apart from the fact that such relation back would contravene the principles of statutory construction we have already outlined, it is apparent that the added requirement only partly explains the prior statutory language. It sets up only the parameter for a minimum charge, not for a maximum. By its language, the charge shall be "at least" the amount charged other customers, with nothing whatever stated about the upper levels of permitted charge. The amendment is, at best, only partly expository. And, on its face, it entitles a dealer to receive his usual

charges made to other customers, *whether or not* these are in *excess* of fair and reasonable rates.

In short, we hold that the statutory amendment here in question has no retrospective effect with regard to the rights and liabilities of the parties under the 1976 contract between them. The first certified question must be answered in the negative, and judgment entered here for the defendant American Motors Sales Corporation. Plaintiff's motion for summary judgment should have been denied, and defendant's motion granted.

*The partial summary judgment for the plaintiff against defendant American Motors Sales Corporation is reversed. Judgment is entered for that defendant, against the plaintiff, with costs in both courts.*