# Randall Hill v. William H. Conway, Commissioner, Department of Motor Vehicles

[463 A.2d 232]

No. 82-013

Present: Billings, C.J., Hill, Underwood and Peck, JJ.

Opinion Filed June 7, 1983

*Gary D. McQuesten,* Barre, for Plaintiff-Appellant.

*John J. Easton, Jr.,* Attorney General, and *Andrew M. Eschen,* Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Per Curiam.** This is an appeal by plaintiff from an order of the Washington Superior Court granting defendant's motion for summary judgment upon the plaintiff's petition for review of the suspension of his motor vehicle operator's license. V.R.C.P. 75. A similar motion by plaintiff was denied. We affirm.

The facts are not in dispute. Defendant Commissioner of Motor Vehicles suspended plaintiff's license for a period of 365 days following his first offense conviction on a charge of careless and negligent operation with death resulting. 23 V.S.A. § 1091(a). The length of the suspension imposed was based on defendant's interpretation of 23 V.S.A. § 2506 as it existed at the time of the accident on June 9, 1980. Both parties agree that § 2506 controls the disposition of this case, but plaintiff argues that under its provisions, as applied to the facts, the maximum period of suspension permitted is 30 days.

The single issue presented here is the proper interpretation of the disputed statute. The parties waived oral argument and agreed a transcript was not necessary to a resolution of the appeal. V.R.A.P. 10(b). The task of this Court then is purely one of statutory construction.

At all times material, 23 V.S.A. § 2506, to the extent relevant here, read as follows:

> The suspension shall be a period of 10 days when an accumulation of 10 points, 30 days for 15 points, 90 days for 20 points and for a period increasing by 30 days for each additional 5 points; except the suspension period for a conviction for first offense of sections 674, 1091, 1094, 1128, and 1133 of this title shall be 30 days; for a second conviction 90 days and for a third or subsequent six months, or the suspension period under the point values, whichever is greater, but if a fatality occurs, the suspension shall be for a period of one year.

In his interpretation of the statute, plaintiff invokes the plain meaning rule employed by the courts in the process of statutory construction. The rule provides that when the meaning of a statute is plain on its face it must be enforced according to its terms and there is no need for construction; the legislative intent is to be ascertained from the act itself, which is presumed to be in accordance with the ordinary meaning of the statutory language. *State* v. *Baldwin,* 140 Vt. 501, 509–10, 438 A.2d 1135, 1139 (1981); *McGovern* v. *Department of Motor Vehicles,* 139 Vt. 169, 171, 423 A.2d 489, 490 (1980).

We would not denigrate the validity of the plain meaning rule. However, like all other rules of statutory construction, it is no more than an aid in our efforts to determine legislative intent. Underlying all other rules of construction is the fundamental rule that we must ascertain and give effect to the true intent of the legislature, *Verrill* v. *Daley,* 126 Vt. 444, 446, 236 A.2d 238, 240 (1967), for it is that intent which constitutes the law. *State* v. *Fox,* 122 Vt. 251, 253, 169 A.2d 356, 358 (1961). Discussing rules of construction in a recent case, we said:

> Rules of construction are not laws, hard and inflexible, which *must* be applied in a given situation simply because it is possible to do so . . . . [A] statute is to be construed as to carry out the legislative intent, though [it] may seem contrary to . . . the letter of the statute or its literal

> sense. . . . [W]e are not confined to a literal interpretation of the statutory language. . . . [T]he plain and ordinary meaning rules are no more than that; they can be disregarded in an appropriate case like any of the other rules of construction.

*State* v. *Baldwin, supra,* at 511, 438 A.2d at 1140 (emphasis in original, citations omitted).

In the cause before us, plaintiff's position is not predicated on the plain meaning of the language or words used in the controlling statute, but on the placement of semicolons, that is, on punctuation. As set forth in his brief, plaintiff argues:

> 23 V.S.A. § 2506 states clearly that . . . "the suspension period for a conviction for first offense of section . . . 1091 . . . of this title shall be 30 days." [This] portion of the statute . . . is set apart from the rest of the statute by semicolons which appear before and after this quotation.

█  █  In construing statutes, we will not indulge in quibbles over minute points of punctuation; they are among the atomies of grammar. At best, the so-called grammatical stops are widely misunderstood and applied even among average and reasonably well educated laymen, including legislators and, *mirabile dictu,* even judges. See H. W. Fowler, Modern English Usage, Stops, at 587–92 (2d ed. 1965). "[L]egislatures are not grammar schools; and, in this country at least, it is hardly reasonable to expect legislative acts to be drawn with strict grammatical or logical accuracy. . . . For that reason . . . the construction of a statute should be based on the whole statute." *State* v. *Lynch,* 137 Vt. 607, 613, 409 A.2d 1001, 1005 (1979) (citations omitted). Moreover, it is the general rule that punctuation, per se, forms no part of a statute and will not govern its construction as against the manifest intent of the legislature ascertained from a consideration of the statute as a whole. See 82 C.J.S. *Statutes* § 341.

█  Finally, we cannot agree with plaintiff that the semicolon appearing in § 2506 following "30 days" somehow sets it apart in such a way that it limits one year suspensions exclusively to third (and subsequent) convictions of the enumerated offenses. We conclude that the second semicolon referred

to is not only wrong grammatically, but creates thereby an ambiguity justifying statutory construction. *State* v. *Baldwin, supra,* at 509, 438 A.2d at 1139.

Neither do we find any merit to plaintiff's argument that 23 V.S.A. § 1091(c), which also refers to certain consequences attendant upon fatalities resulting from violations of the motor vehicle laws, bears upon this case. Sections 1091(c) and 2506 deal with two entirely different subjects: the former with sentencing, while the latter statute relates to administrative license suspensions. They have no relation one with the other.

From a consideration of this statute as a whole, and the public policy it appears designed to implement, that of public safety and removal from the highways of those drivers whose irresponsible operation has killed another human being, we hold that it was the intent of the legislature to subject all drivers who operate in violation of the enumerated offenses with a death resulting to the one year suspension provision. A contrary ruling would make it impossible for the state to rule any driver off the highway for any meaningful period of time until conviction for a third offense, regardless of how many people he may have slaughtered during the course of the first two convictions. This is an absurd and irrational result, and inconsistent with the legislative objective as we construe it to be. *In re J. S.,* 140 Vt. 458, 470, 438 A.2d 1125, 1130 (1981).

We hold that the State's motion for summary judgment was properly granted, and plaintiff's motion correctly denied. Accordingly we must affirm.

*Affirmed.*