## Donna Marie Cavanaugh v. Abbott Laboratories, Upjohn Company, Schering Corp., White Laboratories, Merck and Co., Inc., E. R. Squibb & Sons, Inc., and Eli Lilly and Co.

[496 A.2d 154]

No. 84-012

Present: Hill, Underwood, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed April 26, 1985

*Robert E. Manchester* and *Geoffrey W. Crawford* of *Manchester & O'Neill, P.C.,* for Plaintiff-Appellee.

*John T. Sartore* and *Stephen J. Soule* of *Paul, Frank & Collins, Inc.,* Burlington, for Defendant-Appellant Abbott Laboratories.

*William H. Quinn* of *Pierson, Affolter & Wadhams,* Burlington, and *William E. Bush* (Of Counsel), Kalamazoo, Michigan, for Defendant-Appellant The Upjohn Company.

*McNamara, Fitzpatrick & McCormick,* Burlington, for Defendants-Appellants Schering Corporation and White Laboratories, Inc.

*Saxer, Anderson and Wolinsky,* Burlington, for Defendant-Appellant Merck and Co.

*James W. Spink* of *Dinse, Allen & Erdmann,* Burlington, for Defendant-Appellant E. R. Squibb & Sons, Inc.

*Richard E. Davis* and *Edwin W. Free, Jr.,* of *Richard E. Davis Associates, Inc.,* Barre, and *Marshall Simonds, P.C., James J. Dillon,* and *Timothy J. Langella* of *Goodwin, Procter & Hoar,* Boston, Massachusetts, for Defendant-Appellant Eli Lilly and Co.

**Underwood, J.** This is an interlocutory appeal by seven defendant drug manufacturers, in a drug product liability case, challenging the correctness of the order of the Addison Superior Court denying their motions for either judgment on the pleadings or summary judgment. Each of the defendants in support of its motion claimed it was entitled to judgment as a matter of law, alleging that the plaintiff's drug product liability suit against them was barred by applicable statutes of limitations.

In her complaint, plaintiff alleges that before she was born on March 16, 1957, and while *in utero,* she was exposed to a synthetic estrogen known as diethylstilbestrol (hereinafter referred to as DES) manufactured by some or all of the defendants. She further alleges that the drug was prescribed by her mother's physician and that her mother ingested it while plaintiff was a fetus *en ventre sa mere.* She avers that she was blamelessly ignorant of the harmful effect of DES upon her, and that even by due diligence her injury was not discoverable, and it did not manifest itself, until May 1, 1979. It was then her physician diagnosed that she had contracted a form of vaginal cancer, known as clear cell adenocarcinoma, caused by her fetal exposure to DES. The plaintiff maintains that this drug, together with other factors, including puberty and menarche, was a proximate cause of her cancer.

The questions presented to us by these appeals are: (1) whether, 54 years later, we should now jettison the rule of *Murray* v. *Allen,* 103 Vt. 373, 154 A. 678 (1931), as an outmoded and unrealistic interpretation of the term "accrues" as used in 12 V.S.A. § 512 (personal injury action must be commenced within three years "after the cause of action accrues" and not after), and hold that plaintiff's cause of action is not barred by the aforementioned three-year statute of limitations, and (2) if plaintiff's cause of action is not barred by

the rule of *Murray* v. *Allen, supra,* whether it is barred by the 20-year statute of repose, 12 V.S.A. § 518, which bars claims commenced more than 20 years after the "last occurrence to which injury is attributed."

We hold that the rule of *Murray* v. *Allen* is of no further effect in determining the date when a statute of limitations, such as 12 V.S.A. §§ 512 and 513, commences to run, and that on the basis of the evidence before the trial court, the plaintiff's cause of action is not barred by the applicable statute of repose, 12 V.S.A. § 518. We therefore affirm the trial court's denial of the defendants' motions for judgment on the pleadings and for summary judgment.

## FACTS

In the proceedings before the trial court, some of the defendants framed their motions as motions for judgment on the pleadings, V.R.C.P. 12(c), while others filed motions for summary judgment pursuant to V.R.C.P. 56. Where matters outside the pleadings were presented to the trial court and were not excluded by it, the trial court correctly considered them as motions for summary judgment. V.R.C.P. 12(c). In moving for summary judgment,

> [t]he movant has the burden of proof, and the party opposing the summary judgment motion is to be given the benefit of all reasonable doubts and inferences in determining whether a genuine issue exists. Facts asserted by the opposing party, if supported by affidavits or other evidentiary material, are regarded as true.

*Braun* v. *Humiston,* 140 Vt. 302, 306, 437 A.2d 1388, 1389 (1981) (citations omitted) (overruled on other grounds by *Soucy* v. *Soucy Motors, Inc.,* 143 Vt. 615, 471 A.2d 224 (1983)). This Court will apply the same standard upon review as applied by a trial court when considering the correct disposition of a motion for summary judgment. *Braun, supra,* 140 Vt. at 306, 437 A.2d at 1389. With this standard in mind, the following facts are relevant to the appeals considered herein.

As alleged in the complaint, the plaintiff was born in Vermont on March 16, 1957. Prior to the plaintiff's birth, her

mother had been taking DES. The plaintiff experienced menarche (the first occurrence of menstruation) at the age of twelve or thirteen. The plaintiff reached the age of eighteen on March 16, 1975, and the age of twenty-one on March 16, 1978. On May 1, 1979, the plaintiff was diagnosed as suffering from a vaginal adenocarcinoma (cancer). The disease had not been discovered, nor had it manifested itself nor could it have been diagnosed, prior to that date. The action in the present case was commenced by the plaintiff on April 23, 1982.

## I.

## STATUTE OF LIMITATIONS

### A. DATE OF ACCRUAL

The initial question which must be decided is which statute of limitations applies to the plaintiff's cause of action in the present case. This decision is dependent upon a determination of the date upon which the plaintiff's cause of action accrued because the applicable statute of limitations is that statute in effect at the time the cause of action accrued. *Stewart* v. *Darrow*, 141 Vt. 248, 253, 448 A.2d 788, 790 (1982).

Vermont law has recognized two different definitions of the term "accrue." Under current statutory law, 12 V.S.A. § 512(4) (Supp. 1984) (amended by 1975, No. 248 (Adj. Sess.)),[1] a cause of action in a personal injury case "shall be deemed to accrue as of the date of the discovery of the injury." Under this definition of "accrue," the plaintiff's cause of action would have accrued on May 1, 1979, the date upon which she discovered she was suffering from cancer. As discussed in Part I-D infra, the applicable statute of limitations in effect on that date does not bar the plaintiff's cause of action.

---

[1] Title 12 V.S.A. § 512(4) (Supp. 1984):

Actions for the following causes shall be commenced within three years after the cause of action accrues, and not after:

. . . .

(4) Except as otherwise provided in this chapter, injuries to the person suffered by the act or default of another person, provided that the cause of action shall be deemed to accrue as of the date of the discovery of the injury . . . .

The second definition of the term "accrue" is that definition recognized by case law prior to the enactment of the statutory definition in 12 V.S.A. § 512(4) (Supp. 1984). Prior to the enactment of that statute, the definition of "accrue" was set forth in *Murray* v. *Allen, supra.* In that case, this Court held that a cause of action in tort accrued at the time of the last negligent act attributable to the defendant. *Id.* at 376, 154 A. at 679. Were we to apply that rule in the present case, the plaintiff's cause of action would be barred. The date of the last negligent act attributable to the defendants is March 16, 1957, plaintiff's date of birth, the last day on which ingestion of DES by the plaintiff's mother could have had any deleterious effect on the plaintiff. Thus, the date of accrual would be March 16, 1957, and the applicable statute of limitations in effect on that date was 12 V.S.A. § 512 (1959).[2] Pursuant to that statute, a three-year statute of limitations would have been applicable to the plaintiff's cause of action in the present case. However, the three-year statute of limitations would have been tolled until such time as the plaintiff had reached her age of majority. 12 V.S.A. § 551. If the plaintiff's age of majority is deemed to be her twenty-first birthday, the latest possible date for her to have initiated a cause of action in Vermont, without it being barred by an applicable statute of limitations, would have been March 16, 1981—three years after her twenty-first birthday and more than one year prior to the actual date upon which she commenced this action.

As discussed in Parts I-B and I-C infra, this Court has decided that the rule of *Murray* v. *Allen, supra,* should be overruled, and that the term "accrue" should be given a uniform meaning, regardless of when any particular cause of action actually arose. Thus this Court has decided that the statutory definition of the term "accrue," as set out in 12 V.S.A. § 512(4) (Supp. 1984), shall apply to all causes of action arising before the enactment of that statute. Defendants,

---

[2] Title 12 V.S.A. § 512(4) (1959):

Actions for the following causes shall be commenced within three years after the cause of action accrues, and not after:

. . . .

(4) Injury to the person suffered by the act or default of another . . . .

however, argue that such a decision is proscribed by 1 V.S.A. § 214(b),[3] which prohibits the retroactive application of statutes affecting rights and liabilities. However, the definition of "accrue" which the defendants would have us apply in the present case was the result of a judicial determination as set forth in case law, and was not, therefore, the result of any specific legislative enactment. While the provisions of 1 V.S.A. § 214(b) provide that statutory changes will not generally be given retroactive application, the provisions of this statute do not prevent this Court from reconsidering the continued application of judge-made law. Having decided to overrule the rule in *Murray* v. *Allen, supra,* we are not foreclosed by 1 V.S.A. § 214(b) from applying any new rule that we decide to adopt in place of the pre-existing rule.

## B. *MURRAY V. ALLEN*

This Court, on several occasions, has been asked to reconsider its definition of "accrue" as set forth in *Murray.* See *Capron* v. *Romeyn,* 137 Vt. 553, 409 A.2d 565 (1979); *South Burlington School District* v. *Goodrich,* 135 Vt. 601, 382 A.2d 220 (1977).

*South Burlington School District* v. *Goodrich, supra,* involved an action in negligence in which the statute of limita-

---

[3] Title 1 V.S.A. § 214(b) provides:

    (b) The amendment or repeal of an act or statutory provision, except as provided in subsection (c) of this section, shall not:

    (1) Affect the operation of the act or provision prior to the effective date of the amendment or repeal thereof;

    (2) Affect any right, privilege, obligation or liability acquired, accrued or incurred prior to the effective date of the amendment or repeal;

    (3) Affect any violation of the act or provision amended or repealed, or any penalty or forfeiture incurred thereunder, prior to the effective date of the amendment or repeal;

    (4) Affect any suit, remedy or proceeding to enforce or give effect to any right, privilege, obligation or liability acquired, incurred or accrued under the amended or repealed provision prior to the effective date of the amendment or repeal; and the suit, remedy or proceeding may be instituted, prosecuted or continued as if the act or provision had not been repealed or amended.

tions set forth in 12 V.S.A. § 511 was applicable.[4] In that case, we were asked, in construing the term "accrue," to adopt a so-called discovery rule, applied by some of our sister states, so that a cause of action accrues when a party discovers, or in the exercise of reasonable diligence should have discovered, his or her injury. This Court declined to do so, thereby retaining the rule set forth in *Murray*, because the legislature had enacted discovery rules only in regard to two other statutes of limitation: 12 V.S.A. § 512(4) (Supp. 1984) (amended by 1975, No. 248 (Adj. Sess.), § 2); and 12 V.S.A. § 518(a) (added by 1967, No. 32, § 1).[5] Our reason for refusing to overrule the definition of "accrue" in 12 V.S.A. § 511, as set out in *Murray*, was that "the General Assembly had been exposed to this issue previously and had chosen only to amend Vermont law in a limited way." *South Burlington School District, supra,* 135 Vt. at 605, 382 A.2d at 222 (footnote omitted).

In *Capron* v. *Romeyn, supra,* this Court addressed the definition of "accrue" in the context of 12 V.S.A. § 512(4) (1959), as we had in *Murray*. This Court decided not to change the rule announced in *Murray*, based upon the legislature's failure to make the discovery rule, enacted through its amendment of 12 V.S.A. § 512(4) (Supp. 1984), retroactive to existing causes of action. *Capron, supra,* 137 Vt. at 555, 409 A.2d at 566.

In *Stewart* v. *Darrow, supra,* this Court again considered the viability of the rule, set forth in *Murray*, in the context

---

[4] Title 12 V.S.A. § 511:

A civil action, except one brought upon the judgment or decree of a court of record of the United States or of this or some other state, and except as otherwise provided, shall be commenced within six years after the cause of action accrues and not thereafter.

[5] Title 12 V.S.A. § 518(a):

(a) An action to recover for ionizing radiation injury or injury from other noxious agents medically recognized as having a prolonged latent development shall be commenced within three years after the person suffering the injury has knowledge or ought reasonably to have knowledge of having suffered the injury and of the cause thereof, but in no event more than twenty years from the date of the last occurrence to which the injury is attributed.

of 12 V.S.A. § 512(4) (1973).[6] We again declined to overrule the rule in *Murray*, basing our refusal on the failure of the parties in *Stewart* to address that issue on appeal. *Stewart, supra,* 141 Vt. at 249 n.1, 448 A.2d at 788 n.1.

The reasons given in *South Burlington School District, supra,* and *Stewart, supra,* for declining to overrule the holding of *Murray* are not present in the case at bar. We now expressly overrule *Murray, supra,* 103 Vt. at 376, 154 A. at 679, where, applying the provisions of a statute of limitations in a personal injury negligence case, it held that "the right of action accrued when the negligent act upon which the action is based took place . . . ." See *South Burlington School District, supra,* 135 Vt. at 608–10, 382 A.2d at 224–25 (Billings, J., concurring and dissenting); *Capron, supra,* 137 Vt. at 556, 409 A.2d at 567 (Billings, J., concurring in part and dissenting in part); and *Stewart, supra,* 141 Vt. at 253–54, 448 A.2d at 790–91 (Billings, J., dissenting, Underwood, J., dissenting); see also *Anderson* v. *McKee,* 136 Vt. 623, 383 A.2d 273 (1978) (Billings, J., and Hill, J., dissenting). Having discarded the rule set forth in *Murray,* we now turn to the question of what rule to apply in its place in the case at hand.

## C. RULE OF DISCOVERY

In addressing the question of when a cause of action accrues in a personal injury negligence case, current statutory law provides that "the cause of action shall be deemed to accrue as of the date of the discovery." 12 V.S.A. § 512(4) (Supp. 1984). In instances of personal injury caused by "noxious agents medically recognized as having a prolonged latent development," 12 V.S.A. § 518(a) provides that the cause of action accrues when the plaintiff "has knowledge or ought reasonably to have knowledge of having suffered the injury and of the cause thereof." Thus, in addressing situations in-

---

[6] Title 12 V.S.A. § 512(4) (1973):

> Actions for the following causes shall be commenced within three years after the cause of action accrues, and not after:
> . . . .
> (4) Injury to the person suffered by the act or default of another, except as otherwise provided in this chapter . . . .

volving causes of action similar to that of the plaintiff herein, the legislature has established, as a statement of public policy, that the date of discovery shall be the *earliest* date upon which the cause of action shall be deemed to accrue.[7] We find this statement of policy to be persuasive, although not determinative, in our effort to define the date of accrual.

The plaintiff has set forth authority for the proposition that a cause of action, arising from the introduction of a drug into a fetus or body, shall be deemed to accrue from the date of discovery of any resulting injury. See, e.g., *Raymond* v. *Eli Lilly & Co.*, 117 N.H. 164, 371 A.2d 170 (1977); Prosser and Keeton on the Law of Torts § 30, at 166–67 (5th ed. lawyer's ed. 1984). We find the reasoning applied in this line of cases to be persuasive.[8]

■ We are also convinced that adopting a rule of discovery, which coincides with those rules of discovery adopted by the legislature in 12 V.S.A. §§ 512(4) (Supp. 1984) and 518(a), allows for a uniform means for determining the time of accrual, regardless of the actual date of accrual in any specific case. In light of the above discussion, we hold that the date of accrual in this plaintiff's cause of action is May 1,

---

[7] In the present case, the plaintiff commenced her suit within three years of the date of her discovery of her injury. Therefore, we need not determine whether discovery of an injury is sufficient for accrual, or whether there must be the discovery of the injury *and* of its cause. See *O'Brien* v. *Eli Lilly & Co.*, 668 F.2d 704, 709 (3d Cir. 1981) (citing Pennsylvania case law holding that a plaintiff must know of 1) her injury, 2) the operative cause thereof, and 3) the causal relationship between the injury and the operative cause, before the applicable statute of limitations begins to run).

[8] While we recognize that New York courts have declined to apply such a rule of discovery in cases such as the instant case, see, e.g., *Fleishman* v. *Eli Lilly & Co.*, 62 N.Y.2d 888, 467 N.E.2d 517, 478 N.Y.S.2d 853 (1984), *cert. denied*, — U.S. —, 105 S. Ct. 967 (1985) ; *Thornton* v. *Roosevelt Hospital*, 47 N.Y.2d 780, 391 N.E.2d 1002, 417 N.Y.S.2d 920 (1979), we are not obliged to follow their lead. We find the position set forth by the dissenting justices in *Fleishman, supra,* 62 N.Y.2d at 890–95, 467 N.E.2d at 518–21, 478 N.Y.S.2d at 854–57 (Cooke, C.J., dissenting), and *Thornton, supra,* 47 N.Y.2d at 782–85, 391 N.E.2d at 1003–06, 417 N.Y.S.2d at 922–24 (Fuchsberg, J., dissenting), to be more persuasive, and therefore decline to adopt the position of the New York Court of Appeals.

1979, the date plaintiff's vaginal cancer was first discovered. Therefore, the applicable statute of limitations is the one in effect on that date.

## D. APPLICABLE STATUTE OF LIMITATIONS

The parties agree that on May 1, 1979, two different statutes of limitations were in effect, either of which might be applicable in the present case. Title 12 V.S.A. § 512(4) (Supp. 1984) applies to "injuries to the person suffered by the act or default of another person." This statute provides for a three-year statute of limitations, measured from the date of the plaintiff's discovery of her injury. Title 12 V.S.A. § 518(a) applies to "injury from other noxious agents medically recognized as having a prolonged latent development." This statute provides for a three-year statute of limitations, measured from the date the plaintiff knew of the injury, and of the cause thereof. Thus, under either statute, the plaintiff had three years from the date her cause of action accrued within which to commence her suit. In the present case, where the date of accrual was May 1, 1979, and the date upon which this action was commenced was April 23, 1982, the plaintiff's action is not barred by a statute of limitations. However, because 12 V.S.A. § 518(a) *also* imposes a statute of repose, which would present yet another hurdle for the plaintiff to overcome in order to maintain the present action, we are obliged to determine which of the above-referenced statutes of limitations applies to the present case.

Plaintiff's amended complaint alleges that she suffered personal injuries (clear cell vaginal adenocarcinoma) as the result of some malfeasance or nonfeasance on the part of the defendants, thereby making applicable the provisions of 12 V.S.A. § 512(4) (Supp. 1984). Plaintiff's amended complaint also alleges that "the adverse effects caused by DES involve a noxious teratogenic fetal change which produced injury, including cancer, after a prolonged latent development period." This allegation, if true, would clearly bring this action within the scope of injuries addressed by 12 V.S.A. § 518(a).

The only argument offered by the plaintiff in support of her claim that 12 V.S.A. § 518(a) should not be applicable is that the provisions of 1 V.S.A. §§ 214(b)(1) and 214(b)(4)

bar any retroactive application of 12 V.S.A. § 518(a). We have recognized that the applicable statute of limitations in a personal injury negligence case is that in effect at the time that a plaintiff's cause of action accrues. *Stewart, supra,* 141 Vt. at 253, 448 A.2d at 790. We have accepted the plaintiff's argument that the date of accrual in the present case is the date of her discovery of her injury, May 1, 1979. The provisions of 12 V.S.A. § 518(a) were in effect on that date, and application of that statute does not, therefore, constitute a retroactive application of its provisions.

■■ Where a general and a specific statute of limitations are both applicable to a single cause of action, we have held that only the specific statute of limitations shall apply. *Aube* v. *O'Brien,* 140 Vt. 1, 4, 433 A.2d 298, 299 (1981) (citing *Glabach* v. *Sardelli,* 132 Vt. 490, 496, 321 A.2d 1, 5 (1974)). Therefore, we hold that 12 V.S.A. § 518(a) is the applicable statute of limitations in the present case, and we now turn to address the further question of the applicability of those provisions of 12 V.S.A. § 518 which constitute the statute of repose.

## II.

## STATUTE OF REPOSE

■ Title 12 V.S.A. § 518(a) provides in part that a plaintiff may not commence a cause of action "more than twenty years from the date of the last occurrence to which the injury is attributed." Such a provision has been termed a "statute of repose," and establishes a maximum length of time within which a plaintiff must commence a suit for injury even if the cause of action is not barred by any applicable statute of limitations. See Prosser, *supra,* § 30, at 167–68. In order to determine if the statute of repose, 12 V.S.A. § 518(a), bars the plaintiff's suit in the present case, we must determine what is meant by the clause "date of the last occurrence to which the injury is attributed."

Plaintiff claims that the last occurrence to which her injury can be attributed is her reaching puberty and experiencing menarche. In opposition to the defendants' motions, she submitted, in affidavit form, the medical opinion of Dr. Theodore

Braun, Jr., which supports that theory of her claim.[9] Thus, under the plaintiff's theory of the operation of the statute of repose, the "date of the last occurrence to which the injury is attributable" was in 1969 or 1970, with menarche. The statute of repose in 12 V.S.A. § 518(a) would therefore not bar her action in the present case. Defendants, however, contend that the applicable "last occurrence" has to be an event directly attributable to some negligent act on the part of the defendants. Under their proposed interpretation, such last occurrence would have been plaintiff's date of birth, the last date upon which her mother could have ingested the DES manufactured by some or all of the defendants. Under this interpretation, the plaintiff's cause of action would be barred by the statute of repose.

This Court has recognized that the primary method of interpreting the meaning of a statute is through the "plain meaning rule":

> The most elemental rule of statutory construction is that the plain meaning of the statute controls. If confusion or ambiguity does not appear, then the statute is not construed but rather is enforced in accordance with its express terms.

*Heisse* v. *State*, 143 Vt. 87, 89, 460 A.2d 444, 445 (1983); see also *In re 66 North Main Street, A Partnership*, 145 Vt. 1, 2–3, 481 A.2d 1053, 1055 (1984). We find that there is no ambiguity in the provisions of the applicable statute of repose, 12 V.S.A. § 518(a). Its express provisions are clear and unambiguous, and contain no language indicating that the last occurrence must be one which is related to a *defendant's* negligent act. Defendants, however, urge us to read such a limitation into the language of this statute of repose. Inasmuch

---

[9] The trial court recognized that the plaintiff had created a factual issue in regard to the question of whether menarche had any relation to the occurrence of plaintiff's injury. Defendants, however, filed no opposing affidavits, as permitted by V.R.C.P. 56, so that there was no dispute as to this material fact, and the trial court's ruling on defendants' motions was appropriate. This question is, however, subject to further consideration at trial, and in light of additional evidence, either the trial court or the jury may reach a different conclusion.

as the statute requires no such judicial addendum to be effective in a rational, straightforward manner, we decline to do so. We hold, therefore, that the statute of repose in the present case runs from the date of plaintiff's menarche and does not bar her present cause of action.[10]

■■■■■ The defendants argue that the "plain meaning rule" is not an absolute rule of statutory construction, and that this Court should go beyond the plain meaning and also consider the intent of the legislature by reviewing the records of the legislative history through the minutes of the legislative committees which considered the bill before it was enacted into law by the General Assembly. In support of their argument, they cite the following language from *Hill* v. *Conway*, 143 Vt. 91, 93, 463 A.2d 232, 233 (1983):

> [L]ike all other rules of statutory construction, [the plain meaning rule] is no more than an aid in our efforts to determine legislative intent. Underlying all other rules of construction is the fundamental rule that we must ascertain and give effect to the true intent of the legislature, for it is that intent which constitutes the law.

(Citations omitted.). Defendants, however, misinterpret the meaning of this passage. We stated explicitly in *Hill* that "the legislative intent is to be ascertained from the act itself, which is presumed to be in accordance with the ordinary meaning of the statutory language." *Id.* Thus, the "true intent of the legislature, . . . that intent which constitutes the law," *id.*, is to be determined through the plain meaning of statutory provisions. Where statutory language is clear and unambiguous in its meaning, as in the present case, we will look no further in an effort to determine a contrary legislative intent.[11]

---

[10] In view of our decision regarding the date upon which the statute of repose commences to run, it is unnecessary to address plaintiff's arguments concerning the constitutionality of the statute of repose in the instant case.

[11] We also note that the factual situation in *Hill* is inapposite to the present case as we found the pertinent statutory provision in *Hill* to be ambiguous, and therefore required additional indicia of legislative intent in order to construe the proper meaning of the statute. *Hill*, *supra*, 143 Vt. at 94–95, 463 A.2d at 234.

It has been recognized that the enactment of statutes of repose reflects a balance in reconciling the interests of those favoring or opposing such legislation.

> The typical analysis of product liability statutes of repose focuses on the policy questions of whether the benefits of encouraging diligence, eliminating potential abuses from stale claims, and fostering personal certainty offset the effects of denying certain plaintiffs a remedy at common law for injury from a product.

McGovern, *The Variety, Policy and Constitutionality of Product Liability Statutes of Repose*, 30 Am. U. L. Rev. 579, 588 (1981). In enacting 12 V.S.A. § 518(a), the legislature stated its method of reconciling these competing policy considerations. While the plain meaning of 12 V.S.A. § 518(a) may not provide the defendants with as much protection as they might desire in limiting the long "tail" of potential liability in instances such as the present case, it clearly limits such liability in many other cases, and provides far more protection than no statute of repose at all.

> [C]ourts are limited to the interpretation of statutes to effect the purpose expressed by the legislature which enacted them. If the main thrust of a statute seems unfair or unjust, the remedy must be sought in a legislative change. It cannot be furnished by judicial action in the guise of interpretation.

*King* v. *Snide*, 144 Vt. 395, 404, 479 A.2d 752, 756 (1984).

## III.

## FRAUD

In the event that 12 V.S.A. § 518(a) had been found to bar her present cause of action, plaintiff argues that 12 V.S.A. § 555[12] would act to preserve her right to commence this suit.

---

[12] Title 12 V.S.A. § 555:

> When a person entitled to bring a personal action is prevented from so doing by the fraudulent concealment of the cause of such action by the person against whom it lies, the period prior to the discovery of such cause of action shall be excluded in determining the time limited for the commencement thereof.

The trial court declined to address this issue because it found this claim to be moot in view of its ruling on the applicability of 12 V.S.A. § 518(a). Although not necessary to the disposition of the present appeal, we will consider the merits of this allegation in plaintiff's complaint in order to prevent any unnecessary delay in future proceedings in view of our order of remand.

The plaintiff alleges that defendants fraudulently concealed, from her mother, the potential dangers of DES to the health of an unborn fetus. Such concealment, she argues, would trigger the application of 12 V.S.A. § 555, thereby further tolling the applicable statute of limitations. Assuming, without deciding, that 12 V.S.A. § 555 could have an effect on the time at which an applicable statute of repose commences to run, we find the plaintiff's argument to be unfounded.

Title 12 V.S.A. § 555 specifically applies "[w]hen a person *entitled to bring a personal action* is prevented from so doing by the fraudulent concealment of the cause of such action by the person against whom it lies . . . ." Regardless of the truth of plaintiff's allegations, in order to invoke the added protection of 12 V.S.A. § 555, the fraudulent acts must have occurred at a time to prevent the plaintiff from bringing a personal action. Whereas we have held herein (Part I supra) that the plaintiff's cause of action accrued on May 1, 1979, she could not have brought an action prior to that date. All of the alleged fraudulent acts of the defendants, claimed by the plaintiff, occurred prior to her date of birth. Therefore, because plaintiff does not allege any fraudulent acts on the part of defendants which acted to prevent her from bringing the present cause of action, 12 V.S.A. § 555 is inapplicable.

*Affirmed. Cause remanded for further proceedings consistent with the views expressed herein. The Vermont Superior Court, Addison County, is hereby directed to advance this case on its calendar for an expedited hearing on the merits of plaintiff's complaint.*