# State of Vermont, Department of Taxes v. Walter and Cynthia Zinn

[552 A.2d 413]

No. 87-412

Present: Allen, C.J., Peck and Gibson, JJ., and Springer, D.J. (Ret.), Specially Assigned

Opinion Filed August 19, 1988

*King & King*, Waitsfield, for Plaintiffs-Appellees.

*Jeffrey L. Amestoy, Attorney General*, and *Mary L. Bachman, Assistant Attorney General*, Montpelier, for Defendant-Appellant.

**Allen, C.J.** The Department of Taxes (Department) appeals from a superior court judgment in favor of taxpayers, reversing the Commissioner's order assessing a land gains tax against them under 32 V.S.A. § 10001. We reverse and remand.

Taxpayers sold a 10-acre parcel of land to purchasers on October 16, 1981 in a sale which was subject to a land gains tax of $11,087, pursuant to 32 V.S.A. § 10003. However, since the purchasers certified that they would complete and occupy a principal residence within two years, under 32 V.S.A. § 10002(b) the transaction was not then taxed. In the event the purchasers failed to complete and occupy their new principal residence within two years, 32 V.S.A. § 10006 then provided that "[t]he person liable for the tax is the transferor (which includes the owner, seller, or other exchanger) of the land sold or exchanged."

Effective April 22, 1983 the Legislature amended 32 V.S.A. § 10006 to provide that when the seller is relieved of land gains tax liability because of a purchaser's certification under § 10002(b) the tax due should be paid by the purchaser if the certification turns out to be untrue or incorrect.

The Commissioner of Taxes determined that the purchasers' principal residence had not been completed and occupied as of October 16, 1983, and under § 10002(b) the land gains tax then became due and payable. The Department initially assessed the purchasers, and the Commissioner determined that this assessment was correct. The superior court affirmed the Commissioner's determination, and the purchasers appealed to this Court. Before that appeal was completed, this Court decided *Locy* v. *Department of Taxes*, No. 84-030 (Vt. April 15, 1985) (unpublished), holding that no statutory authority existed in 1980 for shifting the liability for land gains taxes from a seller to a purchaser. The attempted assessment in *Locy* occurred before the amendment of § 10006.

On the basis of *Locy*, the Department abated the assessment against the purchasers, and the pending appeal in this Court was dismissed as moot. On April 25, 1985, the Department assessed the sellers, the taxpayers in this case, in the amount of $11,087, together with accumulated interest and penalty. The Commissioner upheld the assessment, and upon timely appeal the superior court reversed, because the assessment occurred after the effective date of the amendment of 32 V.S.A. § 10006 shifting the tax liability from the seller to the purchaser.

The Department argues that the trial court applied the amended § 10006 retroactively and that its reading was in error. We agree. 1 V.S.A. § 214(b)(2) states:

> (b) The amendment or repeal of an act or statutory provision . . . shall not:
>
>    . . . .
>
>    (2) Affect any right, privilege, obligation or liability acquired, accrued or incurred prior to the effective date of the amendment or repeal;

The trial court did not purport to give retroactive application to the amended § 10006, reasoning rather that the provision was amended to its present form effective April 22, 1983, while the

second anniversary of the sale transaction — giving rise to the tax — occurred later, on October 16, 1983.

We do not agree with the trial court that the event triggering taxpayers' tax liability occurred in 1983. Taxpayers' liability for the land gains tax accrued on October 16, 1981, at the time of the sale, subject to the exemption in § 10003. 1 V.S.A § 214(b)(2) does not look to the status of the State's right to assess on the date of assessment, but rather to the status of the taxpayers' "obligation or liability acquired, accrued or incurred prior to the effective date of the amendment . . . . " *Id.* See also *Capron* v. *Romeyn*, 137 Vt. 553, 555, 409 A.2d 565, 567 (1979) (statute of limitations bar of action was right accruing to defendant before amendment of statute; therefore, amendment not applied retroactively). Thus, because taxpayers were contingenty liable for the tax before the amendment to § 10006, that amendment may not be applied retroactively. 1 V.S.A. § 214(b)(2).

Taxpayers argue that their position is supported by our decision in *n re Estate of Eddy*, 135 Vt. 468, 380 A.2d 530 (1977). But in that case the act giving rise to the fee did not occur until after enactment of the legislation repealing the fee. *Id.* at 470, 380 A.2d at 532. In the present case, the sale occurred prior to amendment of § 10006, and taxpayers were on notice that the sale was subject to a land gains tax unless the purchasers completed and occupied their house on the property within two years.

■ Finally, taxpayers argue that the transaction was excluded from taxation because the construction of the home was diligently pursued and substantially completed within the two years, and that the Commissioner abused her discretion in failing to grant an extension pursuant to a Department regulation. The trial court did not address these issues because of its conclusion that the amendment had shifted the tax liability to the buyers. The matter must therefore be remanded for a determination of these issues.

*Reversed and remanded.*