**ROCK–IT, INC. and Gregory J. and Kimberly Bahr, Plaintiff,**

v.

**FUTURA COATINGS, INC., Rodney D. Jarboe and Gene J. Brockland Defendant.**

**No. 99–CV–44.**

United States District Court, D. Vermont.

Nov. 5, 1999.

Rock–It, Inc., pro se.

Gregory J. Bahr, Bethel, VT, pro se.

Kimberly Bahr, Bethel, VT, pro se.

Samuel Hoar, Jr., Dinse, Knapp & McAndrew, P.C., Burlington, VT, for defendants.

## OPINION AND ORDER

SESSIONS, District Judge.

Plaintiffs Rock-it, Gregory J. Bahr and Kimberly Bahr have sued Defendants Futura Coatings, Inc., et al., alleging anticompetitive behavior in the artificial urethane rock industry. Defendants have moved for a judgment on the pleadings, seeking an Order ruling that Plaintiff Kimberly Bahr's antitrust claims be dismissed due to lack of standing. For the reasons that follow, Defendants' Second Motion for Judgment on the Pleadings is DENIED.

### I. *Factual Background*

On January 25, 1996, Futura Coatings, Inc. ("Futura") filed an action against Rock-it, Inc. ("Rock-it") and Gregory J. Bahr for patent infringement. On April 22, 1996, the Defendants filed an answer and counterclaim alleging harassment. The parties settled in August 1996. On September 10, 1996, pursuant to the Settlement Agreement, this Court issued a Consent Judgment and Injunction, enjoining Rock-it and Gregory J. Bahr from making, using or selling the artificial urethane rocks covered by the patents, unless licensed to do so by Futura. The counterclaims were dismissed with prejudice.

On February 5, 1999, Rock-it, Gregory, J. Bahr and Kimberley Bahr, *pro se,* filed an action for violations of 15 U.S.C. §§ 1 and 15 (the Sherman and Clayton Acts, respectively) and for "tortuous [sic] interference," (paper 1), alleging that Futura committed unfair business practices and prevented Gregory J. Bahr from finding gainful employment in the urethane rock industry. Futura moved for a Judgment on the Pleadings (paper 11), and their motion was granted (paper 25) with respect to Rock-it and Gregory J. Bahr's claims, as those claims as raised in the first motion were foreclosed by the settlement agreement. Rock-it and Gregory J. Bahr's claims were dismissed without prejudice. The motion was denied with respect to the claims asserted by Rock-it employee Kimberly Bahr.

On September 1, 1999, Defendants filed its Second Motion for Judgment on the Pleadings (paper 27), arguing that Ms. Bahr lacks standing to bring an action in antitrust. Ms. Bahr characterizes herself as the director and "former employee who lost her job as a result of the anti-competitive acts of the Defendants." Ms. Bahr states that she was the sole and primary employee of Rock-it, a closely held corporation.

### II. *Legal Standards*

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for a judgment on the pleadings at any point after the pleadings close and before the trial begins. In considering a motion for Judgment on the Pleadings, this Court applies the same standard as required in a 12(b)(6) motion. *See Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994), *cert. denied,* 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994). "Under that test, a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the nonmovant; it should not dismiss the complaint 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). The burden of proof falls on the movant. *Cavanaugh v. Abbott Laboratories,* 145 Vt. 516, 496 A.2d 154 (Vt.1985). The motion should be granted only if the movant is entitled to judgment as a matter of law. *Burns Int'l Sec. Servs. v. International Union,* 47 F.3d 14, 16 (2d Cir.1995).

## III. Discussion

█ Defendants argue that Ms. Bahr lacks standing due to her status as an employee of Rock-it. However, employees are not categorically ineligible for standing under the Sherman and Clayton Acts. A narrow class of employees may, in certain circumstances, have standing to sue in antitrust.

█ Congress enacted the Sherman Act to provide consumers with the assets of price competition in commercial markets. The language of §§ 4 and 16 of the Clayton Act further clarifies the Sherman Act by stating that "any person" may sue for injuries caused by "by reason of anything forbidden in the antitrust laws." Over the years, courts have limited this broad language to a narrower class of persons and injuries. "Plaintiffs must prove antitrust injury, which is to say injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful" *Cargill, Inc. v. Monfort of Colo., Inc.*, 479 U.S. 104, 107 S.Ct. 484, 93 L.Ed.2d 427 (1986) (citations omitted).

█ However, a "demonstration of antitrust injury is necessary, but not always sufficient, to establish standing under § 4 or § 16, because a party who has suffered or is threatened with antitrust injury may not be a proper plaintiff for other reasons. *Cargill*, 107 S.Ct. at 489 nn. 5–6. Among the 'other reasons' that might limit a plaintiff's right to recover are the directness or indirectness of the asserted injury; the existence of an identifiable class of persons whose self-interest would normally motivate them to vindicate the public interest in antitrust enforcement; the speculativeness of the alleged injury; and the difficulty of identifying damages and apportioning them among direct and indirect victims so as to avoid duplicative recoveries. *See Associated Gen. Contractors v. California State Council of Carpenters*, 459 U.S. 519, 540–45, 103 S.Ct. 897, 909–12, 74 L.Ed.2d 723 (1983)." *The National Association of Pharmaceutical Manufacturers, Inc. v. Ayerst Laboratories*, 850 F.2d 904, 912 (2nd Cir.1988).

█ "Employees have generally been denied standing to enforce competition laws" for many of the above reasons. *Air Courier Conf. of Am. v. American Postal Workers Union*, 498 U.S. 517, 528, 111 S.Ct. 913, 112 L.Ed.2d 1125 (1991) (citations omitted). The above concerns do preclude standing for most corporate employees. However, none of these concerns are implicated with regard to Ms. Bahr's suit, due to her position as the principal employee of a closely held corporation.

If, as Plaintiff asserts, the fundamental cause of the demise of Rock-it was the illegal acts of the defendants, then Ms. Bahr's job loss is a direct consequence of the illegal activity. While indirect injury bars antitrust standing when "the chain of causation between the [ . . . ] injury and the alleged restraint in the market [ . . . ] contains several somewhat vaguely defined links," 459 U.S. at 540, 103 S.Ct. 897, Plaintiff's complaint alleges causation which is considerably more direct.

█ The Supreme Court has made clear that the narrowing of the language of the Clayton Act comports with Congressional intent. 459 U.S. at 531–34, 103 S.Ct. 897. However, they have made equally clear that broad language of the Acts remains in effect where the injury to the Plaintiff is direct. As the Supreme Court found in *Associated Gen. Contractors,*

" 'The statute does not confine its protection to consumers, or to purchasers, or to competitors, or to sellers. Nor does it immunize the outlawed acts because they are done by any of these. *Cf. United States v. Socony–Vacuum Oil Co.*, 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129; *American Tobacco Co. v. United States*, 328 U.S. 781, 66 S.Ct. 1125, 90 L.Ed. 1575. The Act is comprehensive in its terms and coverage, protecting all who are made victims of the forbidden practices by whomever they may be

perpetrated.' [Mandeville Island Farms v. American Crystal Sugar Co.] 334 U.S., [219] at 236, 68 S.Ct., [996] at 1006 [92 L.Ed. 1328 (1948)]. Similarly broad language was used in later cases holding that actions could be maintained by consumers, *Reiter v. Sonotone Corp.*, 442 U.S. 330, 337–338, 99 S.Ct. 2326, 2330, 60 L.Ed.2d 931 (1979), by a foreign government, *Pfizer Inc. v. [Government of] India*, 434 U.S. 308, 313–314, 98 S.Ct. 584, 588, 54 L.Ed.2d 563 (1978), and by the direct victim of a boycott. *Blue Shield of Virginia v. McCready*, [457 U.S. 465,] 102 S.Ct. 2540, 2550–51, 73 L.Ed.2d 149 (1982). In each of those cases, however, the actual plaintiff was directly harmed by the defendants' unlawful conduct." *Id.* at 530, 103 S.Ct. 897.

If Ms. Bahr's claims are true, she fits squarely within this exception to the narrowing of standing under the acts.

Second, Ms. Bahr very well may be the sole "private attorney general" available to raise these claims. Gregory J. Bahr's eligibility to sue remains uncertain. Plaintiff also alleges that Futura has threatened competitors with lawsuits if they work with Gregory J. Bahr or Rock-it. If these allegations are true, any other "identifiable class of persons whose self-interest would normally motivate them to vindicate the public interest in antitrust enforcement" appears difficult to ascertain. Thus, denying a remedy on the basis of the allegations in this case may risk leaving an "antitrust violation undetected or unremedied." *Id.* at 542, 103 S.Ct. 897.

Third, the injury to Rock-it's principal employee is not speculative; Plaintiff asserts that Rock-it fell into decline as a direct consequence of Futura's anti-competitive behavior. Defendants argue that "her continued employment by Plaintiff corporation, and any benefits therefrom, are obviously contingent upon so many factors exclusive of competition with Defendant corporation that it would be virtually impossible to determine [...] the effect of any anti-competitive behavior [...]" Brief at 4. Certainly there are always a variety of factors which effect the success or failure of a company. If the existence of such factors, regardless of how insignificant, necessarily barred claims as too speculative then the whole of antitrust law would be eviscerated. Given Ms. Bahr's status as the principal employee of this small organization, her job loss could be construed as directly attributable to the effect of the alleged anti-competitive behavior.

Finally, the small number of harmed individuals and the relative simplicity of the losses alleged in this case preclude manageability and duplicative recovery problems. Concerns of duplicative recovery and "keeping the scope of complex antitrust trials within judicially manageable limits," *Id.* at 543, 103 S.Ct. 897, do not apply in litigation involving such closely held corporations. Apportioning damages in this case, where there are only two individuals directly affected, would neither unduly burden the courts nor "undermine the effectiveness of treble-damages suits." *Id.* at 545, 103 S.Ct. 897. Therefore, Plaintiff must not be barred from suit on the basis of these concerns.

Again, Ms. Bahr has asserted that she occupied a special role in a closely held corporation as the principal employee who suffered direct injury due to Defendants' allegedly anti-competitive behavior. Considering these assertions in the light most favorable to the non-moving party, Ms. Bahr falls within the narrow class of employees eligible for antitrust standing. If Defendants later discover that in fact Ms. Bahr's role as an employee was merely administrative and not fundamental to Rock-it's operation, they may again raise the issue of standing in a Motion for Summary Judgment.

## IV.  *Order*

For the forgoing reasons, the Court hereby DENIES Defendants' Second Mo-

tion for Judgment on the Pleadings (paper 27).