2005 VT 131

### Tricia ROULEAU and Kristopher Tremblay v. WILLIAMSTOWN SCHOOL BOARD, Douglas Shiok, Superintendent, Rodney Graham, Alvin Avery, David Evans, Wayne Emmons, and Matthew Rouleau

[892 A.2d 223]

No. 05-208

¶ 1. December 15, 2005. Plaintiffs appeal from the trial court's grant of summary judgment upholding the Williamstown School Board's disciplinary action against plaintiff Kristopher Tremblay. The disciplinary action arose from a May 7, 2004 incident in which two Williamstown Middle School students, accompanied by Tremblay, removed pellet guns from Tremblay's house and brought them to a field at the school, where one of the students shot another student in the leg. Following a disciplinary hearing, the Board prohibited Tremblay from participating in any "co-curricular activities and/or school functions through the end of the 2003-2004 school year," warned him that "[a]ny subsequent incident(s), during the 2004-2005 school year through May 21, 2005, that warrant a school suspension will result in expulsion for the remainder of the calendar year suspension," and filed a report about Tremblay with the Orange County Sheriff's Department. Tremblay and Tricia Rouleau, Tremblay's mother, brought an action in the superior court under Vermont Rule of Civil Procedure 75, challenging the sufficiency of the evidence supporting the Board's decision. Both sides filed motions for summary judgment, and the court found in favor of the Board. This appeal followed. We hold that the evidence against Tremblay was sufficient to support the Board's decision, and we affirm.

¶ 2. We review a trial court's grant of summary judgment using the same standard as the trial court. *Hardwick Recycling & Salvage, Inc. v. Acadia Ins. Co.*, 2004 VT 124, ¶ 14, 177 Vt. 421, 869 A.2d 82. "We will affirm summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.*; V.R.C.P. 56(c)(3). Here, both sides agree that no genuine issue of material fact exists, and the only questions for our review are questions of law. Our review of questions of law raised by motions for summary judgment is plenary and non-deferential. *Hardwick*, 2004 VT 124, ¶ 14.

¶ 3. Plaintiffs contend the trial court erred in upholding Tremblay's punishment because the Board's findings were inconsistent with its conclusion that Tremblay violated the district's weapons policy. The policy, adopted pursuant to 16 V.S.A. § 1166(b), prohibits "[p]ossession and/or use of any dangerous or deadly weapon or facsimile of any dangerous or deadly weapon in any school building on school grounds or property." Williamstown School District Weapons Policy § II (1999) [hereinafter Weapons Policy]. The policy also prohibits any action that "in any way encourages another student to bring weapons to school," and it subjects such actions to the same sanctions as possession and use. *Id.* § VI. These sanctions include an automatic one-year expulsion for any violation of the policy's provisions, subject to case-by-case modification based on mitigating circumstances. *Id.* § IV. According to a letter from the school's principal to Rouleau describing the results of Tremblay's hearing before the Board, the Board "determined that [Tremblay] was in violation of the District's Weapons Policy when he was involved with other students who brought a soft pellet gun on school grounds on May 7, 2004." The letter also indicated, however, that the Board found Tremblay "did not bring a gun onto school grounds, made an effort to stop the other students, and eventually told an adult." Based on these findings, the Board chose not to expel Tremblay.

¶ 4. Plaintiffs argue that the findings listed in the principal's letter demonstrate that Tremblay did not "aid" or "encourage" the other students to bring the pellet guns to school, and that the Board's finding that Tremblay was "involved with other students" who violated the weapons policy does not merit punishment under the policy. This argument essentially asks us to treat the principal's letter describing the Board's decision as if it were an opinion describing the formal findings of a trial court. We do not conduct such a searching review of the decisions of a specialized board. Instead, in reviewing the sufficiency of the evidence supporting quasi-judicial decisions under Rule 75, we determine only "'whether there is any competent evidence to justify the adjudication.'" *Hunt v. Village of Bristol*, 159 Vt. 439, 441, 620 A.2d 1266, 1267 (1992) (quoting *Royalton Coll., Inc. v. State Bd. of Educ.*, 127 Vt. 436, 448, 251 A.2d 498, 506 (1969)). Plaintiffs' brief argues that failing to require formal findings prevents "any substantial avenue of review short of blind deference" to the Board. This assertion ignores not only the Legislature's delegation to school boards of "the power to establish educational policies, and to prescribe rules and regulations for the conduct and management of their respective schools," see *Rutz v. Essex Junction Prudential Comm.*, 142 Vt. 400, 405, 457 A.2d 1368, 1370 (1983) (citing 16 V.S.A. § 563 and emphasizing that "[s]tudent discipline is an important and necessary element of school management"), but also the undesirability of exhaustive judicial review of each and every decision of local school administrators. Our review balances competing considerations of fairness and deference by ensuring that disciplinary decisions are supported by some competent evidence without forcing school boards to observe the formalities required of courts.

¶ 5. Regardless of the language used by the principal to summarize the Board's findings regarding Tremblay's actions, the undisputed facts were sufficient to support the Board's decision. Neither side disputes that the school determined that the students who brought the pellet guns to school took the guns from a locked box in Tremblay's house, while Tremblay was present. As the trial court noted, these facts alone could have supported inferences by the Board "that [Tremblay] was the one who

knew what was in the box and where the key was located in the house; that he therefore enabled the other students to access the guns; and he went to the school property with the students who had possession of the guns." According to the principal's letter, the Board took three mitigating factors into account: Tremblay's lack of possession or use of the weapons, his efforts to prevent the students from using the weapons, and his eventual notification of an adult. None of these factors, however, is necessarily inconsistent with a determination that Tremblay's actions violated the district's weapons policy; even if Tremblay later reconsidered his decision to allow the other students access to the weapons, the Board could have punished him based on that decision alone. Whether Tremblay was "involved" in the presence of the weapons on school grounds, as the principal put it, or he "enabled" the other students to bring the weapons onto school grounds, as the trial court found, the Board was within its discretion in determining that Tremblay's behavior violated the policy's prohibition of actions that "cause, encourage, or aid any other student to possess, handle, or transmit" weapons at school. Weapons Policy, § VI. The Board's determination did not become any less valid when the principal failed to describe the violation using the precise wording of the policy.

*Affirmed.*