2011 VT 11

**Cora CAMPBELL v. Dale D. STAFFORD, M.D. and Fletcher Allen Health Care, Inc.**

[15 A.3d 126]

No. 10-110

¶ 1. January 27, 2011. Plaintiff Cora Campbell appeals the trial court's denial of her motion for reconsideration and motion to amend. We affirm.

¶ 2. The relevant facts are not in dispute. This case arises from the treatment of plaintiff's thyroid by defendant Dale

Stafford, M.D. Doctor Stafford has long been a family practitioner at Berlin Family Health, which is owned by defendant Fletcher Allen Health Care (FAHC). From 1989 until 2004, Dr. Stafford provided treatment for plaintiff as her primary care physician. Following a 1991 motor vehicle collision, plaintiff sought treatment from Dr. Stafford for neck and back injuries. In the process of treating these injuries, Dr. Stafford received an x-ray report showing that plaintiff had an enlarged thyroid. After referral to an endocrinologist and the performance of several additional tests, including an ultrasound and a fine needle biopsy, plaintiff was diagnosed in 1992 with a benign enlargement of the thyroid consistent with a common goiter. The endocrinologist recommended another ultrasound in six months to assess any enlargement of the goiter.

¶ 3. Plaintiff saw Dr. Stafford on a number of occasions between 1992 and 2004. From August 1992 until April 1995, neither Dr. Stafford nor any FAHC staff recommended any further treatment plan to evaluate plaintiff's thyroid. In April 1995, Dr. Stafford performed thyroid function blood tests that returned normal results. Following a visit in October 2001, Dr. Stafford noted the continued presence of the enlarged thyroid and wrote that plaintiff had "[n]o desire for cancer screening studies or examinations." In March 2004, after a new x-ray showed an increased mass, Dr. Stafford noted that plaintiff "continues to decline mammogram or other cancer screening intervention."

¶ 4. Following another visit on October 4, 2004, Dr. Stafford noted that there "could be some other neck mass unrelated to the thyroid," and ordered a set of thyroid laboratory tests and an ultrasound of plaintiff's thyroid. The ultrasound was ultimately performed on October 6 and revealed a nonuniform mass with six solid nodules on the right side of

plaintiff's neck. A November 1, 2004, fine needle biopsy confirmed the presence of "papillarythyroid carcinoma" or thyroid cancer. On December 7, 2004, plaintiff underwent a total thyroidectomy or removal of her thyroid. During this surgery, her left vocal cord was damaged.

¶ 5. On October 16, 2007, plaintiff filed suit, alleging that Dr. Stafford failed to adequately diagnose and treat her thyroid cancer. She claimed medical malpractice under 12 V.S.A. § 1908, which sets out the elements of that tort. She alleged that the late discovery of her cancer resulted in more invasive surgery, prolonged hospitalizations, permanent physical disabilities, mental anguish, extreme financial expense, loss of enjoyment of life, and probably a significant reduction in her life expectancy. She also alleged that FAHC was responsible as Dr. Stafford's employer.

¶ 6. Following their answer to plaintiff's complaint, defendants moved for summary judgment on June 1, 2009. This motion claimed that the medical malpractice three-year statute of limitations in 12 V.S.A. § 521 barred plaintiff's October 16, 2007, complaint because Dr. Stafford's last act of alleged negligence occurred prior to October 4, 2004, the date on which he ordered additional tests and an updated ultrasound. Defendants' motion was accompanied, pursuant to Vermont Rule of Civil Procedure 56(c)(2), by a statement of undisputed facts, which were based on the factual allegations in plaintiff's complaint.

¶ 7. Prior to a decision on defendants' summary judgment motion, plaintiff filed the following documents on August 6, 2009: (1) a reply memorandum opposing defendants' motion for summary judgment, including a V.R.C.P. 15(a) motion to amend her complaint; and (2) an amended complaint and demand for trial by jury. Plaintiff did not file a statement of undisputed facts or a response to defendants' statement. Plaintiff's amended complaint added a second count (Count II) to her original complaint, claiming that the longer statute of limitations in 12 V.S.A. § 518(a) should be applied to plaintiff's case as opposed to the statute of limitations in 12 V.S.A. § 521. Section 518(a) concerns actions "to recover for ionizing radiation injury or injury from other noxious agents medically recognized as having a prolonged latent development."

¶ 8. On October 21, 2009, the trial court issued a decision and order granting plaintiff's motion to amend her complaint to add Count II, but granting defendants' motion for summary judgment.

¶ 9. In response to the grant of summary judgment, plaintiff filed a Rule 59(a) motion for reconsideration of the court's summary judgment order, asking the court to rule that plaintiff's original action had been timely filed under 12 V.S.A. § 518(a). Accompanying this motion was a second motion to amend plaintiff's already-amended complaint to add a new, third count (Count III). This new count alleged that plaintiff's original action was filed within the applicable period of limitations set forth in 12 V.S.A. § 521 under the common law doctrine of "continuing course of treatment." Plaintiff argued that under this doctrine the statute of limitations did not accrue under 12 V.S.A. § 521 until the "treatment by [Dr. Stafford] . . . had terminated." Since, under the facts alleged in Count III, Dr. Stafford continued to care for plaintiff until November 22, 2004, plaintiff claimed that she had successfully filed her initial suit within the requisite three-year period. On February 10, 2010, the trial court denied plaintiff's motion for reconsideration and her motion to amend and add Count III. This appeal followed.

¶ 10. We review orders for summary judgment de novo using the same standard as the trial court. *Madowitz v Woods at Killington Owners' Ass'n*, 2010 VT 37, ¶ 9, 188 Vt. 197, 6 A.3d 1117. Summary judgment orders will be af-

firmed when there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. V.R.C.P. 56(c)(3). In this Court's review, the non-moving party is afforded "the benefit of all reasonable doubts and inferences." *Doe v. Forrest*, 2004 VT 37, ¶ 9, 176 Vt. 476, 853 A.2d 48. We review decisions on motions to amend a complaint or to amend a judgment under an abuse of discretion standard. *Northern Sec. Ins. Co. v. Mitec Elecs., Ltd.*, 2008 VT 96, ¶ 34, 184 Vt. 303, 965 A.2d 447.

¶ 11. Plaintiff makes the following main arguments on appeal: (1) the trial court misapplied the summary judgment standard to defendants' motion for summary judgment; (2) Counts II and III of plaintiff's second and third amended complaints state a cause of action for which relief can be granted; and (3) the trial court abused its discretion by denying plaintiff's Rule 59 motion for reconsideration and by denying her Rule 15(a) motion to amend her complaint and add Count III. We first consider the trial court's grant of summary judgment and its denial of plaintiff's motion for reconsideration and then address plaintiff's motion to amend her complaint.

¶ 12. In considering whether the trial court erred in granting defendants' motion for summary judgment, we consider both Counts I and II of plaintiff's amended complaint, as both these counts were properly submitted prior to the grant of summary judgment. In Count I, plaintiff argues that Dr. Stafford breached the duty of care owed to plaintiff under 12 V.S.A. § 1908. The general statute of limitations for medical malpractice cases under § 1908 is 12 V.S.A. § 521, which states: "except as provided in sections 518 and 551 of this title, actions to recover damages for injuries to the person arising out of any medical or surgical treatment or operation shall be brought within three years of the date of the incident or two years from the date

the injury is or reasonably should have been discovered, whichever occurs later." There is no dispute that the last date on which Dr. Stafford treated plaintiff without ordering additional testing or treatment for thyroid cancer was prior to October 4, 2004.* There is also no dispute that plaintiff filed her malpractice suit on October 16, 2007. Given these facts, we hold that the trial court properly concluded that plaintiff's claim was time-barred under the three-year limitation set forth in 12 V.S.A. § 521.

¶ 13. Count II of plaintiff's amended complaint claims that the statute of limitations in 12 V.S.A. § 518(a), the so-called "latent injury" exception to 12 V.S.A. § 521, should be applied. Section 518(a) states that "[a]n action to recover for ionizing radiation injury or injury from other noxious agents medically recognized as having a prolonged latent development shall be commenced within three years after the person suffering the injury has knowledge or ought reasonably to have knowledge of having suffered the injury and of the cause thereof." In Count

---

\* Plaintiff argues on appeal that the trial court committed reversible error by finding that "the last negligent act" occurred on March 4, 2004, as opposed to considering subsequent dates "up to and including November 4, 2004" when Dr. Stafford disclosed to plaintiff that she had thyroid cancer. The only facts before the court for decision on the motion for summary judgment were those contained in defendants' statement of undisputed facts. These facts became binding on plaintiff when she failed to controvert them. V.R.C.P. 56(c)(2). The statement of undisputed facts contains no actions by Dr. Stafford after the examination and referral for further testing of October 4. Any actions of Dr. Stafford between October 4 and November 4 were not before the court to be considered in connection with the summary judgment motion.

II, plaintiff claims that the injury at issue in this case, the development and spread of thyroid cancer from the capsule of her thyroid gland, involves a type of slow-growing cancer with a "prolonged latent development" period. Plaintiff argues that the date of her injury was December 7, 2004, when she underwent surgery to remove both lobes of her thyroid gland and first suffered injury to her vocal cords. She claims that her suit was therefore properly filed within three years of her gaining knowledge of "having suffered the injury and of the cause thereof." *Id.* In a later reply memorandum, plaintiff further elaborated her § 518(a) claim, arguing that the statute's operative language, "ionizing radiation injury or injury from other noxious agents," is not limited to any type of external exposure, but rather, encompasses the type of slow-growing thyroid cancer that enlarges and metastizes over time.

¶ 14. We hold that 12 V.S.A. § 521, as opposed to 12 V.S.A. § 518(a), controls this case and that therefore plaintiff's argument in Count II fails. In order for 12 V.S.A. § 518(a) to apply, plaintiff's cancer would have to be considered a "noxious agent." We hold that a cancer is not, in-and-of itself, a "noxious agent" because, as interpreted by the courts, an "agent" is something that acts upon the body, causing a disease or illness such as cancer. Though the cancer in this case may have had a prolonged development period, it was not itself an agent. This Court has provided significant interpretation of § 518(a) only once before in *Cavanaugh v. Abbott Laboratories*, 145 Vt. 516, 496 A.2d 154 (1985). The claim in *Cavanaugh* concerned in utero exposure to a synthetic estrogen known as diethylstilbestrol (DES), which the plaintiff believed was the cause of her vaginal cancer. *Id.* at 519, 496 A.2d at 156-57. In considering the application of § 518(a), we noted that the plaintiff's amended complaint alleged that " 'the adverse effects caused by DES involve a noxious teratogenic fetal change which produced injury, including cancer, after a prolonged latent development period.' " *Id.* at 527, 496 A.2d at 161 (emphasis added). This Court went on to reason that, if true, the allegation "would clearly bring th[e] action within the scope of injuries addressed by 12 V.S.A. § 518(a)." *Id.* In this discussion, the "noxious agent" involved was DES, which led to "teratogenic fetal change," change caused by a "teratogen" or "a drug or other substance capable of interfering with the development of a fetus, causing birth defects." Random House Unabridged Dictionary 1958 (2d ed. 1993). Thus, the "noxious agent" was a drug or substance originating from outside the body that was acting upon the body. The plaintiff's allegation in *Cavanaugh*, which this Court found supportive of the application of 12 V.S.A. § 518(a), clearly stated that the noxious agent *caused* teratogenic fetal change, which led to cancer, not that the cancer was, *itself*, a noxious agent.

¶ 15. Other courts that have used or interpreted the term "noxious agent" in medical cases have used it to refer to substances originating outside the body, which the body has been exposed to and that have acted upon the body. See, e.g., *Dubose v. Kansas City S. Ry.*, 729 F.2d 1026, 1028 (5th Cir. 1984) (noting that plaintiff, who worked as a railroad car repairman, "was exposed to various *irritants or noxious agents*, including sulphur, grain dust, petroleum coke dust, fiberglass and silica" (emphasis added)); *Soutiere v. Betzdearborn, Inc.*, 189 F. Supp. 2d 183, 189 (D. Vt. 2002) (considering "exposure to acrylamide monomer" a possible "noxious agent" under 12 V.S.A. § 518(a), but declining to apply the statute because injuries lacked prolonged latent development); *Brunken v. City of Omaha Employees' Ret. Syst. Bd. of Trustees*, 405 N.W.2d 595, 599 (Neb. 1987) (noting that "[a]ll of [the physicians] urged the city to permit [plaintiff] to work in an air-

conditioned environment, free of *noxious agents such as dust*" (emphasis added)); *Lapka v. Porter Hayden Co.*, 745 A.2d 525, 531 (N.J. 2000) (noting that a letter chronicling plaintiff's history included the fact he was "exposed to asbestos as well as *other noxious agents*" (emphasis added)); *Prego v. City of New York*, 541 N.Y.S.2d 995, 998 (App. Div. 1989) (agreeing with the lower court, in a case where plaintiff was infected with the HIV virus, that "[the statute] had been enacted to remedy the injustice which resulted in cases where *exposure to noxious agents* caused latent injury . . . [and] that the evil sought to be remedied by [the statute] included injuries resulting from *exposure* to natural as well as manufactured substances." (emphasis added)).

¶ 16. The injury at issue in this case is an internal cellular growth and was not, itself, a "noxious agent." Thus, 12 V.S.A. § 518(a) does not apply, and plaintiff's Count II fails. Since plaintiff's complaint was time-barred by 12 V.S.A. § 521 and was not covered by 12 V.S.A. § 518(a), plaintiff's complaint was not timely filed. Given the failure of both Count I and Count II of plaintiff's amended complaint, we hold that defendants were entitled to summary judgment as a matter of law.

¶ 17. Finally, we consider plaintiff's motion for "reconsideration" under Rule 59(a) and to further amend her complaint under Rule 15(a). Plaintiff sought reconsideration of the grant of summary judgment. The amendment to the complaint sought to add a new theory, based on some additional facts, to overturn the court's ruling that the three-year limitation period of 12 V.S.A. § 521 applied and barred plaintiff's claims. As we have noted in the past, a motion for reconsideration of a grant of summary judgment is more properly characterized as a motion to alter or amend a judgment under Rule 59(e). See *Murray v. St. Michael's Coll.*, 164 Vt. 205, 208, 667 A.2d 294, 297 (1995). In this case, plaintiff used the motion to reconsider to raise a wholly new theory of why the statute of limitations had not run. There was no reason that the theory had not been raised before summary judgment was awarded to defendants. The trial court did not abuse its discretion in denying the motion without addressing the merits. *In re Kostenblatt*, 161 Vt. 292, 302, 640 A.2d 39, 45 (1994); see also *Landrau-Romero v. Banco Popular de Puerto Rico*, 212 F.3d 607, 612 (1st Cir. 2000) (finding that party could not raise for the first time in a Rule 59(e) motion following summary judgment that the statute of limitation was tolled; new legal arguments cannot be raised for the first time in such a motion).

¶ 18. Apparently, to invoke the rule that amendments to a complaint are freely given when justice requires, *Prive v. Vermont Asbestos Group*, 2010 VT 2, ¶ 12, 187 Vt. 280, 992 A.2d 1035, plaintiff sought to raise her new theory of why the malpractice claim was not barred by the statute of limitations by amending her complaint to allege that theory. The trial court ruled that the motion to amend was untimely under *Northern Security Insurance Co.*, 2008 VT 96, ¶ 39, because the judgment had already been entered. See also *Desrochers v. Perrault*, 148 Vt. 491, 494, 535 A.2d 334, 336 (1987) (holding a post-judgment amendment that brings in an entirely extrinsic theory is not permissible). We need not examine that ruling because the "claim" that plaintiff wanted to add was not a claim for relief that should be part of a complaint. See V.R.C.P. 8(a). Its addition was unnecessary and added nothing to plaintiff's argument that she was entitled to have her alternative theory considered even though it was not raised before the court granted summary judgment.

*Affirmed.*