**State of Vermont**
**Superior Court—Environmental Division**

=======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
=======================================================================

**In re Musty Permit**                                      **Docket No. 174-10-10 Vtec**
**(Appeal from DRB denial of appeal from Zoning Administrator's permit determination)**

Title: Motion for Reconsideration of Merits Decision (Filing No. 9)

Filed: May 4, 2011

Filed By: Appellant Frederick Tiballi

Response in Opposition filed on 5/19/11 by Liam L. Murphy, Attorney for Applicant Sherrill Musty

Reply filed on 6/6/11 by Appellant Frederick Tiballi


___ Granted                    _X_ Denied                    ___ Other

Before us is a motion filed by Frederick Tiballi asking the Court to reconsider its April 27, 2011 Decision on the Merits ("Merits Decision") in this appeal. The motion, although difficult to decipher, appears to ask for reconsideration of two issues. First, the motion asks that we reconsider our approval of the zoning permit at issue in this appeal because, Mr. Tiballi asserts, the applicant (Sherill Musty) needs to undergo conditional use review for her proposed development prior to seeking zoning permit approval. Second, the motion asks that we reconsider our conclusions about the subdivision plan approval Ms. Musty received in a prior proceeding.

While this Court has no specific authorization to hear requests to "reconsider" an order, we treat such requests as motions to alter or amend an order pursuant to V.R.C.P. 59(e). See Campbell v. Stafford, 2011 VT 11, ¶ 17 (mem.); see also V.R.E.C.P. 5(b). It is ultimately within the Court's discretion whether to grant such motions, and we have identified four principal reasons for doing so: (1) to "correct manifest errors of law or fact upon which the judgment is based"; (2) to allow a moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in the controlling law." Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10–11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1); see V.R.C.P. 59(e); Drumheller v. Drumheller, 2009 VT 23, ¶ 29, 185 Vt. 417 ("Vermont Rule 59(e) is substantially identical to Federal Rule of Civil Procedure 59(e), and we have looked to federal decisions interpreting the federal rule for guidance in applying the Vermont rule.").

Here, Mr. Tiballi first argues that the Court should not have approved the zoning permit because Ms. Musty must first obtain conditional use approval for her proposed development. Mr. Tiballi argues that conditional use review is necessary because all relevant documents show a rear-yard setback of 15 feet on the lot for which the zoning permit is sought (Ms. Musty's vacant lot), a setback that Mr. Tiballi contends makes the lot nonconforming under the City of Burlington's zoning ordinance, thereby triggering conditional use review.

We first note that we find no reference in Mr. Tiballi's original Statement of Questions, nor in the revised Statement he filed, that specifically raises this legal question. Mr. Tiballi thus effectively seeks to now raise a number of issues that he did not include in his Statement of Questions. As a result, neither this Court nor opposing parties had the opportunity to focus on these issues during the de novo trial.

When an appellant fails to preserve a legal issue for review by specifically raising the legal question in his or her Statement of Questions, this Court is deprived of whatever jurisdictional authority it may have to address the issue. An appellant's statement of questions serves two very important purposes in Environmental Division proceedings: to establish the scope of an appeal and to provide notice to the other parties, and this court, of what issues are to be addressed during the litigation. See Reporter's Notes, V.R.E.C.P. 5(f); Appeal of Town of Fairfax, No. 45-3-03 Vtec, slip op. at 4 (Vt. Envtl. Ct. June 13, 2005) (Wright, J.). It would be unfair and prejudicial to the applicant here, and to any other potential parties who have not joined in this appeal, for the Court to now take up issues they had no notice would be adjudicated. Indeed, we are without jurisdiction to do so.[1] See V.R.E.C.P. 5(f); Vill. of Woodstock v. Bahramian, 160 Vt. 417, 424 (1993). Mr. Tiballi cannot now seek a ruling on issues that he did not coherently raise in his Statement of Questions.[2] Thus, Mr. Tiballi's first argument in support of his motion to alter or amend our original Decision must fail.

Mr. Tiballi's first argument also fails because of the nature of the application before the Court in this appeal. As the Court has attempted on numerous occasions to explain to Mr. Tiballi, the prior subdivision determinations that created the subject lot and referenced its setbacks cannot be collaterally attacked in these proceedings, since these proceedings solely concern the development and use of the vacant lot for a single-family residence. See Entry Orders issued on February 24, 2011 and March 9, 2011. The prior determinations, not appealed and now final, include the original December 17, 2008 subdivision approval by the City of Burlington Development Review Board ("DRB"), with conditions to be satisfied by Ms. Musty, including the submission of a revised site plan; the May 19, 2009 certification by both the City of Burlington Engineer and DRB Chairman that Ms. Musty's revised site plan conforms to the DRB conditions; and the July 10, 2009 certificate of compliance issued by the City of Burlington Zoning Compliance Officer to Ms. Musty. See April 27, 2011 Merits Decision at 2–3.

Mr. Tiballi's second argument is that Ms. Musty has not proven that she has approval from the DRB for the location of the line that divides her now-subdivided lots, one of which is to be developed pursuant to the zoning permit that is the subject of this appeal. To the extent that Mr. Tiballi wishes to challenge the finality of the subdivision approval Ms. Musty received from the DRB, he has not given us reason to doubt that that prior decision has become final under 24 V.S.A. § 4472. To the extent that Mr. Tiballi wishes to challenge what dimensions the subdivision approval actually incorporated, including the location of the dividing line between Ms. Musty's lots, we refer Mr. Tiballi to the revised final plat that was approved by the DRB Chairman on May 19, 2009 and for which a certificate of compliance was issued on July 10, 2009. We stated as much in our Merits

---

[1] The importance of this rule is particularly evident here because the parties have not had the opportunity to provide full testimony and argument before the Court on the multiple issues Mr. Tiballi now raises in his post-trial memorandum. These issues include whether a 15 foot rear-yard setback exists, whether such a setback would have the import of making Ms. Musty's vacant lot nonconforming, and whether such a nonconformity would trigger conditional use review or whether there are circumstances exempting the proposed development from such review.

[2] We regret that the lack of clarity in Mr. Tiballi's Statement of Questions and subsequent filings may have prevented him from putting the applicant and the Court on notice of all of the issues he wanted to raise in his appeal. However, we stress that this Court has a responsibility to ensure that all parties are afforded procedural due process; notice of the issues to be adjudicated is a fundamental part of that due process.

Decision, and Mr. Tiballi has put forth no argument leading us to question our previous conclusion. Finally, to the extent that Mr. Tiballi wishes to challenge whether Ms. Musty has, in fact, complied with the provisions of the approved revised final plat, we must decline to respond, as that question is not before us in this appeal.

To clarify, to the extent that Mr. Tiballi has asked for reconsideration of any conclusion reached in our Merits Decision, he has not made any showing of an error of law or fact, new evidence, injustice, or change in the controlling law that would warrant an alteration or amendment of that decision. Consequently, we **DENY** Mr. Tiballi's motion.

Within his motion for reconsideration, Mr. Tiballi also asks for clarification of what site plan our Merits Decision effectively approves. We answer here that the approved site plan is the three-page site plan admitted at trial as Applicant's Exhibits 8, 9, and 10. Those exhibits evidence the site plan Ms. Musty identified at trial as her preferred site plan[3] and evidence the site plan actually approved by the Court.

This last challenge appears to be based upon a premise that the site plan Ms. Musty submitted at trial was different from that presented to the DRB, and that such differences prohibit approval on appeal. If this is the premise for Mr. Tiballi's last argument, we respectfully conclude that his legal interpretations are incorrect. Mr. Tiballi did not provide evidence at trial or with this motion that shows that the site plan admitted at trial includes material differences from the site plan approved by the City of Burlington zoning administrator and DRB. Applicants who in no way change the substantive nature of their application are allowed to make revisions to their site plan, particularly in response to a neighbor's concerns or to assure conformance with the ordinance. See In re Sisters and Brothers Inv. Group, LLP, 2009 VT 58, ¶¶ 20–21, 186 Vt. 103. For these reasons, we see no error or mistake in our prior Merits Decision and therefore **DENY** Mr. Tiballi's motion in its entirety.

Our Merits Decision of April 27, 2011 remains unchanged.

_____          _____July 28, 2011_____
Thomas S. Durkin, Judge                                        Date

===========================================================================
Date copies sent to: _____                              Clerk's Initials _____

Copies sent to:

   Mark L. Sperry, Attorney for Appellant Frederick P. Tiballi

   Kimberlee J. Sturtevant, Attorney for Interested Person City of Burlington

   Liam L. Murphy, Attorney for Appellee Sherill N. Musty

   Interested Persons Lynne Tiballi, Phyllis P. Rose, Alexander H. Rose, Colin Trevorrow, Isabelle Trevorrow, Lewis R. First, Sandra L. First, Rachel First, Daniel L. Lustgarden, Callie Fortin, Charles Bookwalter, Carol S. Bookwalter, Jurij Homziak, Mary Trexler, Ann K. Cenci Family Trust, Eugene P. Cenci, Robert G. Openheimer, Wendy D. Oppenheimer, Sue Ellen Strang, Rita Carlile, and Paul Carlile

---

[3]   Applicant Musty offered an alternate site plan at trial, evidenced by Exhibits 13–15, but clearly expressed a preference for the site plan evidence by Exhibits 8–10, which was the site plan the Court approved in its findings and conclusions entered on the record during the last day of trial.