*Welch v. Manard*, No. 626-6-17 Cncv (Mello, J., Apr. 10, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT
Chittenden Unit

CIVIL DIVISION
Docket No. 626-6-17 Cncv

EMILY WELCH,
        Plaintiff,

v.

LISA MENARD, et al.,
        Defendanst.

RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Emily Welch is an inmate in the custody of the Commissioner of Corrections, Defendant Lisa Menard. In this V.R.C.P. 75 proceeding, Welch challenges DOC's administrative determination that she committed a major disciplinary infraction at the correctional facility where she is incarcerated. Presently before court are cross-motions for summary judgment. Welch is represented by Patricia M. Lancaster, Esq. Defendants are represented by Andrew M. Gilbertson, Esq.

Facts

Welch was charged with possession of a cigarette lighter in violation of Correctional Rule A07, which prohibits "[p]ossession, manufacture, or introduction of any item that constitutes a danger to the order of the facility." Welch pled not guilty.

A hearing was held on the charge on May 18, 2017. Welch, the only witness to testify at the hearing, denied that she had been in possession of a cigarette lighter at the time in question. At the conclusion of the hearing, Welch was found guilty and given the following discipline: "2 days lockout 0900-1500" and "2 weeks loss commissary."

The hearing officer's "findings of fact" consisted solely of the following: "[Correctional Officer] Lester saw an object being passed between inmates. Lester describes the object as cylinder shaped [sic], black with a white bottom. Lester's description is consistent with a lighter."

That finding of fact was based upon an incident report which Correctional Officer Lester had written, in which he described an event that had been captured on a correctional facility security camera. CO Lester did not witness the event himself but claims to have discovered it after the fact, when he looked at video footage and still pictures that had been taken by the camera. In his report, CO Lester said:

On 5/4/2017 this officer … was reviewing camera footage for an unrelated incident, this officer observed what appeared to be a hand off of an object between I/M Benoit … and I/M Welch…  After reviewing the footage and learning that just prior to the hand off that multiple inmates including I/M Welch and I/M Benoit, had received M44 DRs for being in the presence of smoke, this item would appear to be a lighter, in the attached still clips from the video the object is black, cylinder shaped, with what appears to be a white bottom, this is consistent with a bic lighter.  Based on the information above this officer is issuing a A-07:  Possession of a dangerous item.

Exhibit B, p. 1.  Correctional Officer Goldstein interviewed Inmates Benoit and Welch, both of whom told him that the "object" which had been handed off between them had been a battery, not a lighter.  Goldstein did not believe either of them.

CO Lester and CO Goldstein did not testify at Welch's disciplinary hearing.  Although CO Lester's report was entered into evidence, the photographs referred to in his report were not viewed by the hearing officer or entered into evidence at the hearing.  Welch testified that the "object," which CO Lester had seen on the video, had been a battery, not a bic lighter, which testimony was consistent with what she and Benoit had told CO Goldstein.  Welch's request for an opportunity to look at the photographs referred to in Lester's report was denied on the grounds that, for security reasons, inmates cannot be permitted to view images taken by security cameras because, allowing them to see which areas of the correctional facility are unmonitored by video, would present a significant security risk to the facility and to the safety of the inmates in DOC's custody.

Welch appealed the hearing officer's determination to the Superintendent.  In her appeal to the Superintendent, Welch argued that there was insufficient evidence to support the finding of guilt, specifically that she possessed a battery, not a lighter.  She also argued that she should have been allowed to view the photographs referenced in the incident report, "as this was the only 'evidence' against me."  Exhibit E.

Discussion

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  See H&E Equip. Servs., Inc. v. Cassani Elec., Inc., 2017 VT 17, ¶ 10; V.R.C.P. 56(a).  The non-moving party is entitled to "the benefit of all reasonable doubts and inferences."  Campbell v. Stafford, 2011 VT 11, ¶ 10, 189 Vt. 567 (MEM.) (quotation omitted).  In addition, "[s]ummary judgment is not a substitute for a determination on the merits, so long as evidence has been presented which creates an issue of material fact, no matter what view the court may take of the relative weight of that evidence." Fritzeen v. Trudell Consulting Engineers, Inc., 170 Vt. 632, 633 (2000) (mem.).

Welch contends that she is entitled to judgment in her favor as a matter of law because the evidence against her was insufficient to establish the disciplinary charge and because she was denied her statutory rights, as well as her Constitutional right to Due Process, when DOC denied

her request to see the photographs taken by the security camera.[1] DOC contends that the hearing officer's determination must be upheld because there was "some evidence" supporting it.

"Prisoners accused of disciplinary infractions may not be punished for such actions unless their guilt can be shown by a preponderance of the evidence. Anything less does not comport with the Due Process protections of the Fourteenth Amendment." LaFaso v.Patrissi, 161 Vt. 46, 54 (1993).

When reviewing the sufficiency of the evidence in V.R.C.P. Rule 75 appeals from agency adjudications, this court is required to give deference to the agency's fact-finding and cannot substitute its own judgment for that of the agency. It is not the role of this court to independently weigh the evidence or assess witness credibility or make its own factual findings. This court's only role is to determine "whether there is any competent evidence to justify the adjudication." Rodriguez v. Pallito, 2014 VT 18, ¶ 16, 195 Vt. 612 (quoting Rouleau v. Williamstown Sch. Bd., 2005 VT 131, ¶ 4, 179 Vt. 576) (mem.)); see, also, Herring v. Gorczyk, 173 Vt. 240, 243 (2001) ("On judicial review of the sufficiency of evidence at a disciplinary hearing, the hearing officer's final determination must be upheld if it is supported by 'some evidence' in the record.").

However, while this court must give deference to an agency's factual findings and discretionary decisions, no deference is accorded to an agency's decisions as to the admissibility of the evidence offered at its hearings. Rodriguez, 2014 VT 18, ¶ 20 ("Unlike the factual findings or discretionary decisions of the Board, whether the evidence at hearing met appropriate standards for admissibility is a question of law that the court reviews de novo.") (citation omitted); see, also, Herring, 173 Vt. 243-44 (holding that in prison disciplinary proceeding, testimony from confidential informants must have indicia of reliability to be admissible).

In Rodriguez, the Vermont Supreme Court held that, because a parolee has a right to confront witnesses who testify against him, hearsay is inadmissible in a parole revocation proceeding unless the hearing officer specifically finds that the hearsay is reliable. Id. 2014 VT 18, ¶¶ 21-22. In that case the Court affirmed the trial court's reversal of the parole board's revocation of parole because "the hearsay evidence relied on by the Board was unreliable, and the remaining evidence was not sufficiently credible to support the Board's findings of fact." Id. ¶ 28. The only evidence of he parolee's guilt that the parole board had before it in Rodriguez was the hearsay testimony and reports of the arresting police officers, who had not witnessed the alleged assault; the Court held that this hearsay was unreliable because the police reports lacked detail and because the police officers based their accounts upon the unsworn statements of the complainants, neither of whom testified at the hearing. Id. ¶¶ 24-28.

For similar reasons, this court must conclude that there was no competent evidence presented at the disciplinary hearing justifying a finding by a preponderance of the evidence that Welch had violated Disciplinary Rule A07 by possessing a cigarette lighter, rather than a battery, on the day in question. No one testified at the hearing other than Welch, and she denied having a

[1] Welch raises a number of other objections as well, but none of them were presented at her disciplinary hearing or in her appeal to the Superintendent. Therefore, the court will not consider them. Pratt v. Pallito, 2017 VT 22, ¶ 16 ("To properly preserve an issue, a party must present the issue to the administrative agency with specificity and clarity in a manner which gives the agency a fair opportunity to rule on it.").

cigarette lighter in her possession. CO Lester's incident report was admitted into evidence, but that only proved that another inmate, Benoit, had handed an object to Welch that was "black, cylinder shaped, with what appears to be a white bottom," a description that was just as consistent with a battery as with a bic lighter. Because no admissible evidence of Welch's guilt was presented at the presented at her disciplinary hearing, the hearing officer's determination must be reversed.

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED, Defendants' motion for summary judgment is DENIED, and Plaintiff's disciplinary conviction for having a cigarette lighter in her possession in violation of Correctional Rule A07 is REVERSED.

SO ORDERED this 10th day of April, 2018.


_____
Robert A. Mello, Superior Judge