*Escano v. Pro Custom Solar, LLC*, No. 765-8-17 Cncv (Mello, J., July 27, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| RUBEN ESCANO,<br> Plaintiff<br><br>v.<br><br>PRO CUSTOM SOLAR, LLC, et al.,<br> Defendants | Docket No. 765-8-17 Cncv |

RULING ON DEFENDANT'S MOTION TO RECONSIDER DENIAL OF MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION AND ALTERNATIVELY
MOTION FOR PERMISSION TO APPEAL

This is a suit to recover civil penalties and punitive damages for the alleged violation of state and federal statutes prohibiting unauthorized telephone solicitations. On May 3, 2018, this court issued a decision denying Defendant Pro Custom Solar, LLC's motion to dismiss Plaintiff Ruben Escano's complaint for lack of personal jurisdiction. Now before the court is Pro Custom Solar, LLC's motion to reconsider that denial or, in the alternative, for permission to file an interlocutory appeal.

Motion for Reconsideration

Plaintiff Ruben Escano is a resident of Vermont; although he is listed on the national "Do Not Call" list, he nevertheless received seven unsolicited, automatically-dialed calls to his cell phone in 2017. The calls were made by a telemarketing company hired by PCS to generate leads for its business. PCS is a New Jersey limited liability company with its principal place of business in Metchen, New Jersey. PCS is engaged in the business of installing solar panel systems for residential and commercial properties in New Jersey, New York, Florida and California.

In its decision of May 3, 2018, this court held that is has personal jurisdiction over PCS because the facts in this case "establish that PCS purposely directed activities at a resident of Vermont, and because this litigation arose out of or related to those activities" (Id., at 3-4).[1] PCS contends that the court should reconsider that decision because, it claims, the court "overlooked ... the law that a third-party's contacts with Vermont cannot be imputed to PCS for personal jurisdiction purposes in the absence of

---

[1] In its May decision, the court dismissed Plaintiff's claims against PCS's president and chief executive officer on the grounds that neither of them is alleged to have personally made any of the calls that were placed to Escano's phone.

evidence that PCS directed the third-party to engage in contacts with Vermont" (Defendant's Motion to Reconsider, at 1). For the following reasons, the court denies PCS' motion to reconsider.

PCS asks the court to "revisit" an issue that PCS never raised in its motion to dismiss or in its briefing on that motion. The only issues PCS raised with respect to the issue of specific jurisdiction were its contentions that PCS itself did not direct any activities towards Vermont, and, although its telemarketer did place seven calls to a cell phone in Vermont, the cell phone calls were not purposefully directed towards anyone in Vermont because the number that its telemarketer called had a New Jersey area code, not a Vermont area code. At no time before the court issued its ruling did PSC argue that the telemarketing company's contacts with Vermont could not be imputed to PCS for personal jurisdiction purposes in the absence of evidence that PCS directed the telemarketer to engage in contacts in Vermont. New legal arguments cannot be raised for the first time in a motion for reconsideration. Campbell v. Stafford, 2011 VT 11, ¶ 17, 189 Vt. 567 (mem.). This alone is sufficient grounds to deny PCS's motion for reconsideration.

Moreover, if the court were to "revisit" this issue, the outcome would not change. This is because the Plaintiff, in his opposition to PCS's motion to dismiss, came forward with facts showing that PSC actively participated in creating and implementing its telemarketer's marketing campaign. At page 7 of Plaintiff's Amended Opposition to Defendants' Motion to Dismiss dated December 18, 2017, the following facts were alleged:

> The telesales agent from the May 4, 2017 call was able to immediately (1) ask for an address to which she would send one of her specialists, (2) provide me options for an appointment time and day, (3) tell me the name of the company that would be meeting me, (4) provide me with her commission code ("KW002") that I was to provide PCS, and (5) confirm the appointment time, date, and location. The telesales agent did not have to consult with PCS before making the appointment and I did not have to wait to get a call from PCS before setting the appointment. In addition, Mr. Nolan confirmed with me that the telemarketing company was paid by PCS. It is clear from these facts, that the telesales agent was acting on behalf of PCS, and by extension PCS is vicariously liable for the calls placed by the telemarketing company.

PCS did not dispute any of these factual assertions. Indeed, PCS's Reply in Support of Motion to Dismiss dated December 18, 2017, did not address at all Plaintiff's argument that the actions of the telemarketer can be imputed to PCS. PCS also does not dispute these factual assertions in its motion for reconsideration. Therefore, those factual assertions are uncontroverted and may be relied upon by the court in deciding whether it has personal jurisdiction over PCS. Godino v. Cleanthes, 163 Vt. 237, 239 (1995) (on a motion to dismiss for lack of personal jurisdiction, "the party opposing [the] motion need make only a prima facie showing of jurisdiction, or, in other words, demonstrate facts which would support a finding of jurisdiction."); *see, also,* Schwartz v.

Frankenhoff, 169 Vt. 287, 295 (1999) ("In assessing the submitted materials, the [trial] court eschews fact finding and simply accepts properly supported proffers of evidence as true ad rules on the jurisdictional question as a matter of law.").

The foregoing undisputed factual assertions support a finding by the court that, in making its seven unsolicited, automatically-dialed calls to the Plaintiff's cell phone, the telemarketing company was acting as PCS's agent in pursuing a marketing campaign that PCS had actively participated in creating and implementing. These facts provide a sufficient basis upon which to assert personal jurisdiction over PCS. Keim v. ADF MidAtlantic, LLC, 199 F.Supp.3d 1362, 1367-68 (S.D. Fla. 2016) (text messages sent to cell phones in Florida by a telemarketing firm on behalf of out-of-state restaurants held sufficient to subject those restaurants to personal jurisdiction in Florida); Miller v. Merchants Credit Adjusters, Inc., 2015 WL 4205159, *2 (D. Nebraska, 2015) ("A seller that itself has not made a call within the meaning of the TCPA 'nonetheless may be held vicariously liable under federal common law principles of agency for violations … that are committed by third-party telemarketers.'" (citations omitted)); Hartley-Culp v. Green Tree Servicing, LLC, 52 F.Supp.3d 700, 703 (Therefore, we hold that the TCPA can impose liability directly or vicariously upon any person or entity on whose behalf a third party places a call in violation of § 227(b)(1)(A)."); Luna v. Shac, LLC, 2014 WL 3421514, *4 (N.D. Cal. 2014) (reviewing numerous cases finding the exercise of specific personal jurisdiction proper in cases involving alleged TCPA violations based on calls made to a plaintiff's cell phone).

Indeed, the Vermont Supreme Court has found personal jurisdiction in cases involving even less contact with Vermont than what occurred here. See, for example, Dall v. Kaylor, 163 Vt. 274 (1995) (jurisdiction found where the out-of-state defendant was in the business of selling horses to a national market, it reached this market through advertisement in a national trade journal, and, though the sale at issue took place in Maryland, it arose from contact made as a result of the advertisement) and Brown v. Cal Dykstra Equip. Co., 169 Vt. 636 (1999) (mem.) (jurisdiction found where the Vermont plaintiff had responded to an advertisement that the out-of-state defendant had placed in a national magazine, even though the sale itself took place outside of Vermont).

For all the foregoing reasons, PCS's motion for reconsideration is DENIED.

Motion for Permission to Appeal

There are three requirements for interlocutory review: (1) the order or ruling must "involve[] a controlling question of law"; (2) there must be "substantial ground for difference of opinion" regarding that question; and (3) "an immediate appeal may materially advance the termination of the litigation." V.R.A.P. 5(b)(1); see also 12 V.S.A. § 2386; In re Pyramid Co. of Burlington, 141 Vt. 294, 301 (1982). Interlocutory appeals are considered an "exception to the normal restriction of appellate jurisdiction to the review of final judgment" because "[p]iecemeal appellate review causes unnecessary delay and expense, and wastes scarce judicial resources." Pyramid, 141 Vt. At 300. However, there is a "narrow class of cases" for which interlocutory review is advisable, as articulated by the requirements outlined in Appellate Rule 5(b). Id. At 301. Because

3

that rule is based upon 28 U.S.C. § 1292(b) and F.R.A.P. 5, the "policies and rationales underlyhing the federal statute provide guidance for our construction of V.R.A.P. 5(b)." Pyramid, 141 Vt. At 301.  The definitions of the criteria enumerated in Rule 5(b) are "not self-evident"; rather, they are deliberately vague so as to "'inject an element of flexibility....  The three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal.'" Id. At 301-02 (quoting 16 Wright & Miller, Federal Practice and Procedure § 3930, at 156 (1977)).

The court agrees that this is one of those "narrow class of cases" for which an interlocutory review is advisable.  Despite the prevalence of telemarketing firms and the wide reach of their activities, there is surprisingly little caselaw on the extent to which courts in states, where violations of telemarketing laws have been committed, can exercise jurisdiction over the firms that retained and benefitted from the unlawful actions of those telemarketers.  Therefore, the court will grant PCS' motion for permission to take an interlocutory appeal to the Vermont Supreme Court.  This court's decision of May 3, 2018, denying PCS' motion to dismiss for lack of personal jurisdiction, and its decision today denying PCS's motion for reconsideration, involve a controlling question of law, namely, whether the facts presented by the Plaintiff and relied upon by this court in those decisions are sufficient to confer personal jurisdiction over PCS in Vermont in this case.  In light of the paucity of precedent on the assertion of personal jurisdiction over firms who hire telemarketers that violate state law, there is substantial ground for difference of opinion regarding that question.  Lastly, an immediate appeal may materially advance the termination of the litigation because, if the Supreme Court determines that there is no personal jurisdiction here, that would effectively preclude the continuation of this litigation, at least in Vermont.

In conclusion, PCS's motion for reconsideration is DENIED, but PCS's motion for permission to take an interlocutory appeal is GRANTED.

SO ORDERED this 26th day of July, 2018.

_____
Robert A. Mello, Superior  Judge

4