Filed 07/29/25

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-04247

| | |
|---|---|
| Joel Cione, <br>     Petitioner <br><br> v. <br><br> Nicholas Deml, Commissioner, Vermont <br> Department of Corrections, <br>     Respondent | DECISION ON MOTIONS |

## RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

In this Rule 75 appeal, Petitioner inmate Joel Cione seeks review of his disciplinary rule conviction for engaging in conduct that disrupted or interfered with the orderly running of the correctional facility. In his amended complaint, Cione asserts that there was insufficient evidence to support the Vermont Department of Corrections' ("DOC") findings and asks that the conviction be expunged from his record. DOC contends that the evidence presented to the hearing officer below shows that Cione caused a disruption to facility operations and interfered with the security of the facility. Both parties have moved for summary judgment. Mr. Cione is represented by Marco Kushner, Esq. and DOC is represented by AAG Robert C. Menzel, Jr. For the reasons discussed below, Petitioner's motion is DENIED and DOC's motion is GRANTED.

### Factual Background

The record establishes the following relevant, undisputed facts.[1] On July 29, 2024, Mr. Cione was called to unit "AC" to receive a copy of a grievance. On his way to unit AC, Cione intentionally walked through a fenced-off, designated construction area. C.O. Dale Martell ordered Cione to leave the construction area. Cione stopped and did not follow Martell's

---

[1] The Court notes that DOC failed to support its summary judgment motion with a statement of undisputed material facts as required by Rule 56(c)(1). Nor did it file a response to Petitioner's statement. Accordingly, the Court considers the facts stated in Petitioner's pleading as undisputed. *See* V.R.C.P. 56(e)(2); *Boyd v. State*, 2022 VT 12, ¶ 8 n.1, 216 Vt. 272 (holding that, where plaintiff "did not directly respond to defendant's statement of facts . . . for purposes of summary judgment, defendant's facts are deemed undisputed"). However, the Court understands that both parties rely exclusively on the materials attached to Petitioner's motion, which consist of the Incident Report, Incident Disciplinary Report, Hearing Report, and Appeal Form. Therefore, to the extent any facts are omitted from or recharacterized in Petitioner's recitation, the Court looks to these documents as providing the relevant factual record in this case.

instructions. In his Incident Report, Martell stated that Cione remained in the area and argued with him. Cione told Martell that he was going to the AC unit. Martell again directed Cione to leave the area. Cione began to walk away and out of the construction area, but then stopped and turned around to argue with Martell, who then called a "10-33." Other officers responded to the call and placed Cione in handcuffs and took him to the segregation unit.

On July 31, 2024, Mr. Cione was issued a Major B21 for: "Conduct, which disrupts or interferes with inmate safety, security, or the orderly running of the facility (Only to be used if another Major B violation is not applicable)." A hearing was held on August 2, 2024, where the Department presented the following evidence: the notice of hearing, disciplinary report, investigation report, and reports by CFSS Judd, C.O. Martel, and C.O. Lance. The Hearing Officer found Cione guilty, and made the following findings of fact:

> a. Construction is being completed in the upper yard. b. Fencing is in place to keep incarcerated individuals out of the construction area. c. You deliberately entered an area that was off limits. d. When directed to leave the area you stopped and did not follow the officers' instructions. e. By entering the area and refusing to follow directions to leave you caused a disruption to facility operations and interfered with the security of the facility.

Mr. Cione filed an appeal to the Superintendent, asserting that the DR should be dismissed because he never intended to cause trouble, but rather made a mistake by going the wrong way. The Superintendent denied the appeal stating: "you failed to follow CO Martell's Orders."

This Rule 75 appeal followed.

Discussion

Summary judgment shall be granted when the moving party shows that there is no genuine issue as to any material fact "and the movant is entitled to a judgment as a matter of law." V.R.C.P. 56(a). The party moving for summary judgment has the burden of demonstrating "the absence of a genuine issue of material fact . . . by showing the nonexistence of evidence to support the nonmoving party's case." *Brown v. State*, 2013 VT 112, ¶ 12, 195 Vt. 342 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986)). "The nonmoving party is afforded the benefit of all reasonable doubts and inferences." *Id*. (citing *Campbell v. Stafford*, 2011 VT 11, ¶ 10, 189 Vt. 567 (mem.)). "When, as here, there are cross-motions for summary judgment, both parties are entitled to the benefit of all reasonable doubts and inferences when being considered as the nonmoving party." *Vermont Coll. of Fine Arts v. City of Montpelier*, 2017 VT 12, ¶ 7, 204 Vt. 215 (quotation omitted). However, as noted above, the parties essentially agree on the factual record below.

"Rule 75 provides for review of 'action or failure or refusal to act by an agency of the state or a political subdivision thereof, including any department, board, commission, or officer, that is not reviewable or appealable under Rule 74.'" *Rose v. Touchette*, 2021 VT 77, ¶ 13 (quoting V.R.C.P. 75(a)). "[W]hen reviewing administrative action by the DOC under V.R.C.P.

75, [courts] will not interfere with the DOC's determinations absent a showing that the DOC clearly and arbitrarily abused its authority." *King v. Gorczyk*, 2003 VT 34, ¶ 7, 175 Vt. 220 (citation omitted). Further, on "judicial review of the sufficiency of evidence at a prison disciplinary hearing, the hearing officer's final determination must be upheld if it is supported by 'some evidence' in the record." *Herring v. Gorczyk*, 173 Vt. 240, 243, 789 A.2d 955, 958 (2001); *see also LaFaso v. Patrissi*, 161 Vt. 46, 49, 633 A.2d 695, 697 (1993) (describing "the appropriate standard for judicial review of the actions of prison authorities"). The "some evidence" standard is met if the record contains "any evidence" supporting the disciplinary board's conclusion. *Herring*, 173 Vt. at 243 (citing *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985)). Cione asserts that there was insufficient evidence to support his conviction for a Major B21 violation because at most, the evidence indicates that he should have been charged with a lesser infraction, pursuant to DOC's policy. DOC contends that the Major B21 conviction should be upheld because there is "some evidence" in the record to support it. The Court agrees.

As an initial matter, Cione relies on DOC's Facility Rules and Inmate Discipline #410.01, which state an inmate should not be charged with a Major B21 violation if another Major B violation is applicable. Cione argues his conduct did not warrant being charged with a B21 violation because a B18 violation would have addressed the conduct that formed the basis of the alleged violation. However, Cione failed to present this argument below "with specificity and clarity in a manner which gives the agency a fair opportunity to rule on it." *Pratt v. Pallito*, 2017 VT 22, ¶ 16, 204 Vt. 313 (quotation omitted). Therefore, it was not preserved and the Court lacks the authority to consider it. *Id*. ¶ 11 ("[A]lthough it had subject matter jurisdiction to hear petitioner's appeal, the trial court did not have the authority to hear the unpreserved issue that was raised for the first time before the court.").[2]

Accordingly, the Court turns to the question of whether there was sufficient evidence to convict Mr. Cione of a Major B21 violation. Cione concedes that he walked through a designated construction area and that, before exiting the area, he stopped to tell C.O. Martell where he was going as his explanation for why he was in that area. In addition, the Incident Report created by Officer Martell describes the events in more detail. According to Officer Martell:

> On 7/29/24 . . . at approximately 1645 I was in the Yard and . . . out of the corner of my eye I saw movement inside of a clearly fenced off section in the Yard that is going to be under construction. I looked over and saw Cione walking through the

---

[2] In *Pratt*, 2017 VT 22, ¶ 19, petitioner inmate argued that the preservation rule should not be applied to DOC proceedings because inmates are denied legal assistance when preparing their cases. The Court acknowledged the inability to obtain legal counsel for the initial hearing process but noted that the Facility Rules authorize inmates who need help appealing a disciplinary conviction to the Superintendent to contact the Prisoners' Rights Office. *Id*. The Court noted that "[p]reservation *in the appeal before the Superintendent* is what is critical to subsequent judicial review, and petitioner had the opportunity to involve legal counsel in that appeal." *Id*. ("The place to litigate the significant issues raised by petitioner's Rule 75 petition is, in the first instance, the DOC, and inmates are entitled to contact counsel in connection with their intra-agency appeal.").

fenced off section. I gave Cione clear direction to get out of the fenced off section. Cione stood there and argued with me and told me he was going to A/C, I directed him again to get out of the construction zone and go back down and around, he started to walk away then stopped and turned around and continued to argue loudly about going to A/C, I then called a 10-33 Yard 1, that made Cione walk to the edge of the fence and take it off the post and walk out of the fenced in area and put the fence back on the post . . . .

DR Packet at 7. C.O. Martell's Incident Report provides at least "some evidence" supporting the disciplinary board's conclusion that Cione committed a Major B21 violation. As the Hearing Officer found, Cione deliberately entered a restricted, fenced-off area and refused to leave despite orders by a C.O. Martell indicated that Cione argued loudly with him and challenged his instructions while remaining in the restricted area. The Court is unable to conclude that DOC "clearly and arbitrarily abused its authority" in finding that such conduct "disrupts or interferes with inmate safety, security, or the orderly running of the facility." *See King*, 2003 VT 34, ¶ 7.

Accordingly, the Court finds there are no genuine issues of material fact raised in this case and DOC, rather than Petitioner, has demonstrated it is entitled to judgment as a matter of law.

Order

For the foregoing reasons, DOC's motion for summary judgment (Mot. #5) is GRANTED and Petitioner's motion (Mot. #2) is DENIED. DOC shall submit a proposed judgment order within 7 days. *See* V.R.C.P. 58.

Electronically signed on July 29, 2025 at 10:51 AM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge

4